IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANKIE JOHNSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NO. 2:21-CV-01701-AMM |
| **JEFFERSON DUNN**, *et al.*, | ) OPPOSED |
| **Defendants.** | ) |

### JEFFERSON DUNN'S MOTION FOR LEAVE TO DEPOSE INCARCERATED PERSONS

Pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, Jefferson Dunn ("Dunn") moves this Court to grant him leave to take the deposition of an incarcerated person. In support of this Motion, Dunn states as follows:

1. Plaintiff Frankie Johnson (aka Franky Johnson) AIS# 1986870 ("Plaintiff") is currently incarcerated within the Alabama Department of Corrections at William E. Donaldson Correctional Facility ("Donaldson").

2. Under Federal Rule of Civil Procedure 30(a)(2)(B), a party must obtain leave of court to depose a person confined in prison. The Court should grant such leave where the deposition is reasonably necessary, relevant, and not sought for improper purposes. The Eleventh Circuit and district courts routinely authorize incarcerated depositions when proper notice is given and the deposition is relevant to claims or defenses, notwithstanding other discovery disputes. Fed. R. Civ. P.

30(a)(2)(B); United States v. Baker, 539 F. App'x 937, 943 (11th Cir 2013) (confirming broad discovery rights under Rules 26 and 30); Kelley v. City of Birmingham, 2021 WL 1118031, at *2 (N.D. Ala. Mar. 24, 2021) (refusing to delay deposition based on unrelated discovery issues); Greer v. Warden, FCC Coleman I, 2020 WL 3060362, at *2 (M.D. Fla. June 9, 2020) (rejecting inmate's request to delay deposition until additional discovery was completed); Wilson v. Jackson, 2006 WL 8438651, at *2 (N.D. Ala. Feb. 27, 2006) (granting Rule 30(a)(2)(B) motion and finding no good cause to delay deposition of incarcerated plaintiff).

3. Before filing this Motion, Dunn sent a copy of the deposition notice (attached as **Exhibit A**) and subpoena (attached as **Exhibit B**) to Plaintiff's counsel on May 5, 2025, noticing Plaintiff's deposition at Donaldson on June 3, 2025, at 9:00 a.m. At the same time, Dunn sent a draft of this Motion. Out of professional courtesy, Dunn offered the alternative date of June 5, 2025, for Plaintiff's deposition. Dunn's counsel asked Plaintiff's counsel to confirm: (1) Plaintiff's counsel would accept service of the deposition notice and subpoena; and (2) Plaintiff's position on this Motion.

4. Plaintiff's counsel responded on May 6, 2025, stating "[n]either June 3 nor June 5 will work for Mr. Johnson's deposition." Plaintiff's counsel raise only one reason for June 3 or 5, 2025 not "work[ing]": third-party discovery. Plaintiff's counsel argued that "[w]e oppose presenting Mr. Johnson for deposition before we

have received the ADOC documents that are the subject of our pending motion to compel. We will accept subpoena service and notice on Mr. Johnson's behalf when we can agree on a mutually acceptable date."

5. Plaintiff offers no legal basis to condition his deposition on resolution of a discovery dispute involving a third-party subpoena, as explained to his counsel. Moreover, the rules contain no such restriction; Rule 30(b)(1) requires only reasonable notice, which Dunn provided. In fact, Dunn provided nearly 30 days' notice and offered an alternative date. But Plaintiff refused to cooperate or propose any dates—citing only his lack of production from ADOC (a problem created by Plaintiff refusing to pay reasonable costs paid by plaintiffs in other cases)—stating, "[w]e oppose the motion for leave and will oppose any motion to compel, if Dunn files one before the motion to [c]ompel ADOC documents is resolved."

6. Absent leave to proceed, Dunn risks prejudice in preparing his defense by being denied the opportunity to timely depose Plaintiff before the June 13, 2025, discovery cutoff. Indeed, Plaintiff's refusal to adequately and appropriately respond to basic discovery over the past year—which is the subject of an imminent motion for leave and motion to compel—demonstrates a broader pattern of obstruction that should not be allowed to delay Dunn's right to conduct a timely deposition within the discovery period.

7. Upon this Court's grant of leave under Rule 30(a)(2)(B), Dunn will serve Plaintiff with the attached deposition notice and subpoena, and proceed to depose him at Donaldson on June 3, 2025, at 9:00 a.m.

WHEREFORE, PREMISES CONSIDERED, Dunn respectfully request this Court grant him leave under Rule 30(a)(2)(B) to depose Plaintiff at Donaldson on June 3, 2025.

Dated: May 7, 2025.

/s/ *William J. Cranford*
William J. Cranford
*One of the Attorneys for Jefferson Dunn*

William R. Lunsford
Matthew B. Reeves
William J. Cranford
Daniel J. Chism
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com
dan.chism@butlersnow.com

*Attorneys for Jefferson Dunn*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 7th day of May, 2025:

*Jamila Mensah (admitted pro hac vice)
Kelly Potter (admitted pro hac vice)
Gary Gould (admitted pro hac vice)
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
T: 312-243-5900
F: 312-243-5902
jamila.mensah@nortonrosefulbright.com
*Counsel of Record

Anil Mujumdar (ASB-2004-L65M)
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35205
T: 205-590-6986
F: 205-809-7899
E: anil@dagneylaw.com

Lana A. Olson
M. Wesley Smithart
**LIGHTFOOT, FRANKLIN & WHITE, LLC**
The Clark Building
400th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-1529
Facsimile: (205) 581-0799
lolson@lightfootlaw.com
wsmithart@lightfootlaw.com

*Attorneys for Plaintiff*

Tara Hetzel
Vania Hosea
**OFFICE OF THE ATTORNEY GENERAL OF ALABAMA**
501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
tara.hetzel@AlabamaAG.gov
vania.hosea@AlabamaAG.gov

*Attorneys for the Facility Defendants*

Terri O. Tompkins
Christian A. Montgomery
**ROSEN HARWOOD**
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

*Attorneys for Deaundra Johnson*

                                            */s/ William J. Cranford*
                                            Of Counsel