FILED
2025 May-08 PM 06:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FRANKIE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-1701-AMM |
| ) | |
| JEFFERSON DUNN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JEFFERSON DUNN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Jefferson Dunn ("Dunn") propounds the following Interrogatories (each an "Interrogatory" and collectively the "Interrogatories") to Plaintiff Frankie Johnson ("Plaintiff") to be answered under oath within forty-five (45) days of the date of service.

### INSTRUCTIONS

1. To the extent that any single Interrogatory or portion of such is deemed to be objectionable, you are still to answer those non-objectionable interrogatories or portions of such and state fully the basis for your objection. Each Interrogatory is to be answered in accordance with the preceding instructions.

2. If an Interrogatory, or portion thereof, is objectionable, then you must state the grounds for your objection with specificity and answer all non-objectionable Interrogatories and/or portions thereof.

3. Each Interrogatory seeks information within your possession, custody,

1

or control, including information known by each of your agents (such as attorneys), servants, employees, and other persons who are subject to their control.

4. If an Interrogatory seeks information that is not within your personal knowledge but is within the knowledge of your agent (such as an attorney), servant, or employee, then you must answer the Interrogatory, noting the person who possessed personal knowledge of the information.

5. For any information withheld from an answer to an Interrogatory as privileged or subject to protection as trial-preparation material, you must:

    (i)    expressly make the claim;

    (ii)    provide the following information so that Dunn may assess the claim:

        (1)    the date you discovered, received, or became aware of the privileged or protected information;

        (2)    the identity of each person participating in or present during the creation, communication, or disclosure of the privileged or protected information;

        (3)    a description of all documents or tangible things containing the privileged or protected information; and

        (4)    the identity of each person having access to the privileged or protected information, including any document or tangible things containing the privileged or protected information.

6. Unless otherwise agreed in writing acknowledged by undersigned counsel, any failure by you to provide full and complete responses to the Interrogatories set forth herein within the time frame allowed under Rule 33 of the Federal Rules of Civil Procedure will be deemed an express and unequivocal waiver of any and all objections you may possess to the Interrogatories set forth herein.

## DEFINITIONS

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1. "ADOC" shall refer to the Alabama Department of Corrections.

2. "ADOC correctional facility" shall refer to any and all major correctional facilities, work release centers, work centers, and camps operated by the ADOC.

3. "And/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the items to which the conjunction "and/or" applies.

4. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) including any documents, oral statements, emails, letters, notes, text messages, voicemails or other voice recordings, postings or communications on any social media platform, meetings, work conferences, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any way or manner transmitted or transferred.

5. "Corizon" shall refer to Corizon Health, Inc. and/or Corizon, LLC.

6. "Date" means as exact a date as you are able to give. If an exact date is not known, provide as close an approximation as you can.

7. "Disability" shall refer to a physical or mental impairment that substantially limits one or more major life activities of such individual, including, but not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working, or that affects the operation of a major bodily function, including, but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

8. "Document(s)" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all written or graphic matter of every kind and description, whether handwritten, typed or otherwise produced, reproduced, generated, maintained, or stored, whether draft or final, original or reproduction, in your actual or constructive possession, custody, or

3

control, regardless of where located and however denominated by you including, but not limited to: reports, statements, letters, correspondence, memoranda, notes, e-mails, summaries, films, transcripts, contracts, agreements, licenses, memoranda or notes of telephone conversations, personal conversations or interviews, microfilms, telegrams, books, articles, bulletins, circulars, pamphlets, notices, rules, regulations, directives, teletype messages, communications, minutes of meetings, interoffice communications, working papers, desk calendars, appointment books, diaries, time sheets, logs, visual, audio or video tapes, recordings, drawings, graphs, charts, photographs, telephone records, data processing results, social media postings, social media communications, printouts and computations (both in existence and stored in memory), any tangible means of expression, any graphic or other form by which human intelligence or communication is in any way transmitted, recorded, or reported and other data compilations from which information can be obtained and translated, if necessary, in a reasonably usable form including, without limitation, tapes, videotapes, audiotapes, photographs, computer disks, computer tapes or other computer information of any kind in whatsoever media. The term "document" shall also include all copies of each document if the copies contain any omission or additional writing or other marking or are not identical to the original in any manner whatsoever.

9. "Donaldson" shall refer to the William E. Donaldson Correctional Facility located at 100 Warrior Ln, Bessemer, AL 35023.

10. "Dunn" shall refer to Jefferson S. Dunn.

11. "Givens" shall refer to Gwendolyn Givens.

12. "Hugh" shall refer to Erich Hugh.

13. "Identify" when used in connection with a person(s) means to provide the following information:

    a. his/her/its/their name;

    b. birthday, if known;

    c. Social Security Number, if known;

    d. present and/or last known address;

    e. telephone number;

    f. relationship, if any, to you, e.g., employee,

    employer, attorney, colleague, mother, father, aunt, uncle, etc.; and

  g. present employer and address or location of employer.

  14. "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the <u>Federal Rules of Civil Procedure</u>. More specifically, the term "identify" when used with reference to a document includes:

    a. the date the document bears, or if none, the date it was written;

    b. the name and address of each person who created or wrote it or participated in the creation or writing of it;

    c. the name and/or address of each person who received a copy of the document;

    d. a description of the document, for instance, a letter or memorandum;

    e. its present location and/or the custodian of each copy, or if unknown, its last known location and/or custodian; and

    f. if any document is no longer in your possession, or subject to your control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control, and the date that possession was relinquished by you.

  15. "Identify" when used in reference to a communication, includes:

    a. the persons participating in such communication;

    b. the date, manner (<u>e.g.</u>, telephone, text, e-mail, chatroom, social media website, or in-person), and place where persons participated in, heard, or saw the communication;

    c. a description of the circumstances surrounding the communication, for instance, meeting, speech, news

     media, or conversation;

  d. the name of each person who was present, other than the participants; and

  e. the substance of the oral communication.

  16. "Incarceration" shall refer to your confinement in the Donaldson Correctional Facility or any other jail, prison, or correctional facility, in which you are or were confined.

  17. "Inmate" shall refer to any individual currently or formerly confined in Donaldson Correctional Facility, and/or any other jail, prison, or correctional facility (including an ADOC correctional facility).

  18. "Jenkins" shall refer to Mohammed Jenkins.

  19. "Johnson" shall refer to Deaundra Johnson.

  20. "Lawsuit" shall mean the case styled as <u>Frankie Johnson v. Jefferson Dunn, et al.</u>, No. 2:21-cv-1701-AMM, in the United State District Court for the Northern District of Alabama, Birmingham Division.

  21. "Matthews" shall refer to Trenton Matthews.

  22. "Medical care" and "medical treatment" shall refer to any medical evaluation, assessment, monitoring, testing, diagnosis, treatment, hospitalization, medication, therapeutic measures, prevention, or other acts taken or decisions made related to any human disease, pain, injury, deformity, or physical condition, for the purpose of diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body.

  23. "Mental health care" and "mental health treatment" shall refer to any mental health evaluation, assessment, monitoring, testing, diagnosis, treatment, hospitalization, medication, therapeutic measures, prevention, or other acts taken or decisions made related to any conditions of personality, behavior, mental function, or of the mind, for the purpose of diagnosis, cure, mitigation, treatment, or prevention of disease of the mind, or for the purpose of affecting any structure or function of the mind.

  24. "MHM" shall refer to MHM Correctional Services, Inc.

  25. "Morgan" shall refer to Phyllis Morgan.

26. "Party" shall refer to Plaintiff, Dunn, Givens, Morgan, Smith, Johnson, Rambo, Matthews, Cook, Stevenson, Hugh, or Jenkins.

27. "Parties" shall refer to Plaintiff, Dunn, Givens, Morgan, Smith, Johnson, Rambo, Matthews, Cook, Stevenson, Hugh, and Jenkins, collectively.

28. "Plaintiff" shall refer to Frankie Johnson.

29. "Rambo" shall refer to Reginald Rambo.

30. "Relate(s) to," "referred to," and "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, supporting, contradicting, summarizing, mentioning, concerning, and/or referring to, directly or indirectly.

31. "Relative(s)" shall refer to any spouse or ex-spouse of Plaintiff's; any person related to Plaintiff, whether by birth or adoption, within the third degree of consanguinity; any step or half siblings; any stepparents; and any stepchildren.

32. "Smith" shall refer to Vencini Smith.

33. "Statement(s)" means any written or recorded account of a person's knowledge of any of the facts of this case made or taken for use or possible use in this litigation including, without limitation, affidavits, signed or unsigned statements, audio or video recordings, e-mails, or letters purporting to memorialize or describe the comments of a person about alleged facts relating to this litigation.

34. "Third Party" means any natural person, corporation, partnership, company, sole partnership, association, institute, joint venture, trust, form, or other entity whether publicly or privately owned or controlled, for profit or not for profit, or partially or fully government controlled who is not specifically identified by name as a party to this Lawsuit as of the date of these requests.

35. "Wexford" shall refer to Wexford Health Sources, Inc.

36. "You" or "your" shall refer to the party responding to this written discovery request.

### DUTY TO SUPPLEMENT

You are hereby requested to supplement your answers if you or any person acting on your behalf obtains documents or information which render your prior answers incorrect, incomplete, or misleading. Such supplemental answers shall be

7

served promptly, but in any case, within thirty (30) days after you receive or discover such documents or information and in no circumstances later than fifteen (15) days before trial.

## INTERROGATORIES

1. Identify each person (other than counsel for you in this action) answering, supplying information, or assisting in any way with the preparation of answers and responses to these Interrogatories and to Dunn's First Requests for Production of Documents.

2. List all addresses where you resided during the five (5) year period immediately preceding your Incarceration, the dates you lived at each address, and, if you were previously married, the name(s) and addresses of any spouse or former spouse(s).

3. List the name and business address of each jail, prison, and/or correctional facility where you were ever detained and/or incarcerated.

4. List the names and business addresses of any and all physicians, medical providers, mental health providers, medical facilities, mental health facilities, and/or other health care providers by whom or at which you received medical treatment and/or mental health treatment from December 1, 2016, to present.

5. List all drugs (including illegal substances), medications, and supplements, whether or not prescribed, over the counter, or otherwise obtained, that

you took from December 1, 2016, to present and the names and addresses of the prescribing physician, if any, and the names and addresses of the pharmacy or other business which filled such prescriptions. If you did not receive a prescription for any drug, medication, or supplement, please identify and describe the source from which you obtained the drug, medication, or supplement.

6. List the name and business address of each source of your income (including, for example, each employer) during the five (5) year period immediately preceding your Incarceration.

7. Identify any other lawsuits, causes of action, administrative proceedings, arbitration proceedings, and/or other claims filed by you, asserted by you, and/or filed against you since December 1, 2011, to present, including that related to any Incarceration of yours, any inmate(s) in ADOC custody, any current or former ADOC employee(s), and any named Defendant(s) in this action. For each such instance, identify the date such claim, suit, proceeding, and/or action was filed, the court or administrative body in which or entity before which such claim was asserted and/or filed, the names of the parties involved, and the nature of the claims.

8. Identify by full name, last known address, and telephone number all of your Relatives residing in the State of Alabama for any period of time in the last five (5) years.

9. Identify each and every disciplinary you received since December 1,

2016, while incarcerated in any jail, prison, and/or correctional facility, providing in your answer the stated reason why you were disciplined, the date of the disciplinary, and the name of the jail, prison, and/or correctional facility where the disciplinary infraction occurred.

10. Identify by full name and last known address each and every inmate identified in Plaintiff's Second Amended Complaint (Doc. 119) (see e.g., ¶¶ 5-7, 86 (a)-(j), 97, 99, 108, 118, 126).

11. Describe each contact, interaction, or communication between you and any named Defendant(s) in this action by providing the date of each contact, interaction, or communication, the substance of each contact, interaction, or communications; and whether each contact, interaction, or communication occurred orally or in writing.

12. Describe any of your personal items, property, and belongings you received from any source during the course of, following, and/or relating to your Incarceration with ADOC, including a description of where such personal items, property, or belongings are now located.

13. Identify each Internet-based social networking site that you used since December 1, 2016, (e.g., Discord, Flickr, Facebook, Foursquare, Google+, Instagram, LinkedIn, Myspace, Pinterest, Reddit, Signal, Snapchat, TikTok, Twitter, Tumblr, Vine, YouTube, etc.). For each site identified, provide the name and

address of the service provider, the name and address of the account holder, the username or avatar, the URL where the account was/is available, and the dates during which you used the account.

14. Identify any person whom you intend to call as an expert witness in the Lawsuit and provide: (1) the educational background and professional experience of each such witness; (2) the facts constituting the basis of the witness's purported expert qualifications; (3) the subject matter on which each expert is expected to testify; (4) the substance of the facts and opinions to which each expert is expected to testify; and (5) a summary of the grounds for each opinion.

15. Identify any persons known to you and/or your attorney(s) who have knowledge of the factual matters relating to this Lawsuit, including any person (other than your counsel) with whom you have spoken or communicated regarding this Lawsuit and the claims and allegations asserted in this Lawsuit, and provide such individual's mailing address, phone number, and email address. If any of the individuals you identify are currently or were employees of ADOC, Corizon, MHM, or Wexford, then state his/her position(s), title(s), and the dates of his/her employment with ADOC, Corizon, MHM, or Wexford. The "factual matters relating to this Lawsuit" include, but are not limited to, the following:

    a. any matter alleged in any pleading filed on your behalf in this Lawsuit, including, but not limited to, the following allegations:

11

i. the allegation that, "[p]rior to the first attack on [you] in December 2019, Defendants were aware of the rampant violence that plagued Donaldson;"

ii. the allegation that, "[t]he pervasiveness of violence at Donaldson specifically was well-established prior to the attacks on [you];"

iii. the allegation that, "[a]n average of 11.75 prisoner-on-prisoner assaults at Donaldson were reported during each month of 2019, and at least one prisoner died at Donaldson each month except for June and November;"

iv. the allegation that, "Defendant Dunn himself acknowledged the severe understaffing at Donaldson long before the attacks on Mr. Johnson and that understaffing contributed to violence;"

v. the allegation that "[o]n information and belief, [Dunn, Givens, Morgan, and Smith] all received monthly reports of the prisoner population levels at Donaldson;"

vi. the allegation that "[t]he failure to address the staffing and overcrowding at Donaldson by Defendant Dunn and [Givens, Morgan, and Smith] resulted in inadequate supervision and monitoring of prisoners and engendered conditions posing an unreasonable risk of serious harm to prisoners, including to [Plaintiff];"

vii. the allegation that "[Dunn, Givens, Morgan, and Smith] knew that Donaldson's chronic understaffing and

12

|       |  |
|-------|--|
|       | overcrowding problems made compliance with ADOC policies and Donaldson standard operating procedures (SOPs) impossible. Despite this knowledge, they did not adopt and implement directives that would enable Donaldson to function in light of these realities;" |
| viii. | the allegation that "[Dunn, Givens, Morgan, and Smith] knew that Donaldson's staffing shortages made it impossible for a security officer to be physically present twenty-four hours per day in many of the prison dorms and other areas where prisoners congregate. |
| ix.   | the allegation that "installing surveillance cameras in [areas where prisoners congregate] would have mitigated the impact of understaffing;" |
| x.    | the allegation that "cameras were not present in the areas in the areas where Mr. Johnson was assaulted;" |
| xi.   | the allegation that "[p]risoners' cells also lacked emergency call buttons that could be used to summon assistance from Donaldson staff;" |
| xii.  | the allegation that "prisoners like [Plaintiff] had to resort to banging on their cell doors and shouting for help—efforts that produced only delayed responses;" |
| xiii. | the allegation that "[i]nadequate staff presence throughout many units at Donaldson, combined with a lack of surveillance equipment and emergency call buttons, created "blind spots" in those units where prisoners |

13

|       | |
|-------|---|
|       | could attack others without detection. This lack of supervision drastically heightened the risk of serious harm to Donaldson prisoners, including [Plaintiff];" |
| xiv.  | the allegation that "[Dunn, Givens, Morgan, and Smith] could have designed a plan for moving prisoners with the most severe disciplinary problems to a more robustly supervised unit. However, no plan for doing so was ever implemented;" |
| xv.   | the allegation that "Donaldson staff intermingled prisoners with higher management needs and other more vulnerable prisoners together into "hot bays," which lacked the necessary supervision;" |
| xvi.  | the allegation that "[Dunn, Givens, Morgan, and Smith] failed to issue protocols for managing Donaldson as an understaffed and overcrowded prison, resulting in ad hoc operation of the prison that posed a serious risk of harm to Mr. Johnson and other prisoners;" |
| xvii. | the allegation that "Defendant Dunn knew that the disrepair of locking mechanisms at Donaldson endangered prisoners, including [Plaintiff];" |
| xviii.| the allegation that "[Dunn, Givens, Morgan, and Smith] failed to adequately implement a policy requiring Donaldson staff to regularly clean out and repair broken locking mechanisms throughout the prison;" |
| xix.  | the alleged attacks on Donaldson prisoners involving the use of |

14

                contraband weapons cited in the Second Amended Complaint in paragraph 86 (a)-(j).

    xx.    the allegation that "Defendant [Dunn's] failure to address corruption among Donaldson staff… placed [Plaintiff] at substantial risk of serious harm from violence and directly resulted in the violent attacks against him;"

    xxi.    the alleged attack on Plaintiff on December 27, 2019, as cited in the Second Amended Complaint in paragraphs 95-106;

    xxii.    the alleged attack on Plaintiff on March 5, 2020, as cited in the Second Amended Complaint in paragraphs 107-119;

    xxiii.    the alleged attack on Plaintiff in November 2020 as cited in the Second Amended Complaint in paragraphs 120-128;

b. any disciplinary citation you received during your incarceration in ADOC's custody;

c. any communication, report, complaint, or concern, whether written or oral, of any nature whatsoever allegedly made by you to any ADOC employee or any member of the Donaldson correctional staff regarding any inmate during your incarceration at Donaldson;

d. your housing assignment(s) while in ADOC's custody;

e. any communication, interaction, or conversation, whether written or oral, between you and any ADOC employee;

15

- f. any request to validate as your enemy any inmate in ADOC's custody;

- g. any alleged act or omission of Dunn which you contend caused damage to you, including, without limitation, the date of such alleged act or omission and/or any persons involved and/or participating in such alleged act or omission;

- h. any duty allegedly owed by Dunn, or any employee or contractor of ADOC to you;

- i. any alleged incident and/or occurrence when Dunn allegedly violated and/or deviated from the standard of care or constitutional standard owed to you;

- j. any alleged medical condition suffered by you from December 1, 2016, to present;

- k. any alleged psychological and/or mental health condition suffered by you from December 1, 2016, to present;

- l. any alleged medical analysis, evaluation, investigation, diagnosis, prognosis, treatment, or other medical advice and/or planning provided to you as well as the date any of the above were provided to you from December 1, 2016, to present;

- m. any medications prescribed to you from December 1, 2016, to present;

- n. any medical or mental health treatment of any kind sought and/or received by you from December 1, 2016, to present;

- o. any referrals to, appointments with, and/or orders, prescriptions, diagnosis, and findings provided by any medical provider whose clinic, office, and/or primary place of business is not located on the premises at an ADOC correctional facility where you were incarcerated from December 1, 2016, to present;

- p. any grievance you filed during any period of incarceration at a correctional facility;

16

q. any complaints you made during your incarceration in ADOC's custody;

r. any alleged physical injury you suffered during your incarceration in ADOC's custody;

s. any communications, whether written or oral, you had with any other inmate at any ADOC correctional facility;

t. any discovery undertaken by you and/or on your behalf related to your allegations in this Lawsuit;

u. any and all damages allegedly incurred and/or suffered as a result of any alleged act or omission of any Defendant named in this action; and

v. any documents reflecting any of the foregoing matters and/or the location of such documents.

16. Identify each and every location by address where any documents (as defined herein above), communications, materials, or other tangible information of any kind (including, without limitation, electronically stored information, emails, and other electronic files of any kind) relating to this Lawsuit are located, situated, stored, kept, or otherwise maintained by you and/or on your behalf.

Dated: August 16, 2024

*/s/ William J. Cranford III*
*One of the Attorneys for Jefferson Dunn*

William R. Lunsford
Matthew B. Reeves
William J. Cranford, III
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650

17

Facsimile: (256) 936-5651  
bill.lunsford@butlersnow.com  
matt.reeves@butlersnow.com  
will.cranford@butlersnow.com  

*Attorneys for Jefferson Dunn*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this 16th day of August 2024:

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2120 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 410-1185
Facsimile: (205) 419-9701
anil@dagneylaw.com

Gary Y. Gould
Jamila S. Mensah *(pro hac vice)*
Kelly Potter *(pro hac vice)*
**NORTON ROSE FULBRIGHT US, LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gary.gould@nortonrosefulbright.com
jamila.mensah@nortonrosefulbright.com
kelly.potter@nortonrosefulbright.com
*Attorneys for Plaintiff*

Terri O. Tompkins
Christian A. Montgomery
Rosen Harwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
Facsimile: (205) 758-8358
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com
*Attorneys for Deaundra Johnson*

Tara S. Hetzel
Vania Latitia Hosea
**ALABAMA OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7997
Facsimile: (334) 353-8440
tara.hetzel@alabamaag.gov
vania.hosea@alabamaag.gov
*Attorneys for Gwendolyn Givens, Phyllis Morgan, Vencini Smith, Reginald Rambo, Trenton Matthews, Warren Cook, Justin Stevenson, and Erich Hugh*

Albert L. Jordan
Benjamin B. Robinson
Thomas A. McKnight, Jr.
**WALLACE JORDAN RATLIFF & BRANDT, LLC**
800 Shades Creek Parkway, Suite 400
P.O. Box 530910
Birmingham, AL 35209
Telephone: (205) 870-0555
Facsimile: (205) 871-7534
bjordan@wallacejordan.com
brobinson@wallacejordan.com
tmcknight@wallacejordan.com
*Attorneys for Mohammad Jenkins*

*William J. Cranford III*
Of Counsel