FILED
2025 May-08 PM 06:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANKIE JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:21-cv-1701-AMM |
| | ) |
| **JEFFERSON DUNN**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**JEFFERSON DUNN'S FIRST REQUESTS
FOR PRODUCTION TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Jefferson Dunn ("Dunn"), in his individual capacity, propounds the following Requests for Production of Documents (each a "Request" and collectively, the "Requests") to Plaintiff Frankie Johnson ("Plaintiff") to be produced within thirty (30) days of the date of service.

**INSTRUCTIONS**

1. In answering these Requests, you must furnish any and all documents or items known or available regardless of whether those documents are physically possessed by you or your attorneys, employees, agents, investigators, or other persons acting on your behalf.

2. Unless otherwise specified, each Request contained herein refers to, relates to, and requests information for any and all periods of time leading up to and including the date upon which you provide the documents responsive to the Request and/or any supplement or supplements thereto undersigned counsel.

3. If you cannot produce any of the requested documents or items in full,

1

produce to the extent possible and specify (1) whatever information and knowledge you have concerning the contents of the remaining documents and items, including dates and titles; and (2) why you cannot produce the remaining document(s) and/or item(s).

4. To the extent any items are not produced based on the claim of privilege, please provide the following non-privileged information:

    (i) any addressor and addressee;

    (ii) any indicated or blind copies;

    (iii) the document's date, subject matter, number of pages, and attachments or appendices;

    (iv) all persons to whom the document was distributed, shown, or explained;

    (v) the date of loss, destruction, or discard; the manner of destruction or discard; and the reason for destruction or discard;

    (vi) the persons authorized to conduct such destruction or discard; and

    (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

5. Where only a portion of a document relates to or refers to the subject indicated, the entire document, along with all attachments, appendices, and/or exhibits, must be produced.

6. To the extent that you allege that any single Request or portion of such is allegedly objectionable, you remain obligated to respond to those non-objectionable Requests or portions of such and fully state the basis for your objection.

7. Unless otherwise agreed in writing acknowledged by undersigned counsel, any failure by you to provide full and complete responses to the Requests set forth herein within the time frame allowed under Rule 34 of the <u>Federal Rules of Civil Procedure</u> will be deemed an express and unequivocal waiver of any and all objections you may possess to the Requests set forth herein.

## DEFINITIONS

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1. "ADOC" shall refer to the Alabama Department of Corrections.

2. "ADOC correctional facility" shall refer to any and all major correctional facilities, work release centers, work centers, and camps operated by the ADOC.

3. "ADOC Parties" shall refer to Dunn, Givens, Morgan, Smith, Johnson, Rambo, Matthews, Cook, Stevenson, Hugh, and Jenkins, collectively.

4. "ADOC Party" shall refer to each of Dunn, Givens, Morgan, Smith, Johnson, Rambo, Matthews, Cook, Stevenson, Hugh, and Jenkins, individually.

5. "And/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the items to which the conjunction "and/or" applies.

6. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) including any documents, oral statements, emails, letters, notes, text messages, voicemails or other voice recordings, postings or communications on any social media platform, meetings, work conferences, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any way or manner transmitted or transferred.

7. "Corizon" shall refer to Corizon Health, Inc. and/or Corizon, LLC.

8. "Date" means as exact a date as you are able to give. If an exact date is not known, provide as close an approximation as you can.

9. "Disability" shall refer to a physical or mental impairment that substantially limits one or more major life activities of such individual, including, but not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working, or that affects the operation of a major bodily function, including, but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

3

10. "Document(s)" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all written or graphic matter of every kind and description, whether handwritten, typed or otherwise produced, reproduced, generated, maintained, or stored, whether draft or final, original or reproduction, in your actual or constructive possession, custody, or control, regardless of where located and however denominated by you including, but not limited to: reports, statements, letters, correspondence, memoranda, notes, e-mails, summaries, films, transcripts, contracts, agreements, licenses, memoranda or notes of telephone conversations, personal conversations or interviews, microfilms, telegrams, books, articles, bulletins, circulars, pamphlets, notices, rules, regulations, directives, teletype messages, communications, minutes of meetings, interoffice communications, working papers, desk calendars, appointment books, diaries, time sheets, logs, visual, audio or video tapes, recordings, drawings, graphs, charts, photographs, telephone records, data processing results, social media postings, social media communications, printouts and computations (both in existence and stored in memory), any tangible means of expression, any graphic or other form by which human intelligence or communication is in any way transmitted, recorded, or reported and other data compilations from which information can be obtained and translated, if necessary, in a reasonably usable form including, without limitation, tapes, videotapes, audiotapes, photographs, computer disks, computer tapes or other computer information of any kind in whatsoever media. The term "document" shall also include all copies of each document if the copies contain any omission or additional writing or other marking or are not identical to the original in any manner whatsoever.

11. "Donaldson" shall refer to the William E. Donaldson Correctional Facility located at 100 Warrior Ln, Bessemer, AL 35023.

12. "Dunn" shall refer to Jefferson S. Dunn.

13. "Givens" shall refer to Gwendolyn Givens.

14. "Hugh" shall refer to Erich Hugh.

15. "Identify," when used in connection with a person(s), means to provide the following information:

    a.    his/her/its/their name;

    b.    birthday, if known;

    c.    Social Security Number, if known;

    d.    present and/or last known address;

    e.    telephone number;

    f.    relationship, if any, to you, *e.g.*, employee, employer, attorney, colleague, mother, father, aunt, uncle, etc.; and

    g.    present employer and address or location of employer.

16. "Identify," when referring to a document or writing, means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the <u>Federal Rules of Civil Procedure</u>. More specifically, the term "identify," when used with reference to a document includes:

    a.    the date the document bears, or if none, the date it was written;

    b.    the name and address of each person who created or wrote it or participated in the creation or writing of it;

    c.    the name and/or address of each person who received a copy of the document;

    d.    a description of the document, for instance, a letter or memorandum;

    e.    its present location and/or the custodian of each copy, or if unknown, its last known location and/or custodian; and

    f.    if any document is no longer in your possession, or subject to your control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control, and the date that possession was relinquished by you.

17. "Identify," when used in reference to a communication, includes:

    a.    the persons participating in such communication;

    b.    the date, manner (*e.g.*, telephone, text, e-mail, chatroom, social media website, or in-person), and place where persons participated in, heard, or saw the communication;

   c. a description of the circumstances surrounding the communication, for instance, meeting, speech, news media, or conversation;

   d. the name of each person who was present, other than the participants; and

   e. the substance of the oral communication.

 18. "Incarceration" shall refer to Johnson's confinement in the Donaldson Correctional Facility or any other jail, prison, or correctional facility, in which Johnson was confined.

 19. "Inmate" shall refer to any individual currently or formerly confined in Donaldson Correctional Facility, and/or any other jail, prison, or correctional facility (including an ADOC correctional facility).

 20. "Jenkins" shall refer to Mohammed Jenkins.

 21. "Johnson" shall refer to Deaundra Johnson.

 22. "Lawsuit" shall mean the case styled as <u>Frankie Johnson v. Jefferson Dunn, *et al*.</u>, No. 2:21-cv-1701-AMM, in the United States District Court for the Northern District of Alabama, Birmingham Division.

 23. "Matthews" shall refer to Trenton Matthews.

 24. "Medical care" and "medical treatment" shall refer to any medical evaluation, assessment, monitoring, testing, diagnosis, treatment, hospitalization, medication, therapeutic measures, prevention, or other acts taken, or decisions made related to any human disease, pain, injury, deformity, or physical condition, for the purpose of diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body.

 25. "Mental health care" and "mental health treatment" shall refer to any mental health evaluation, assessment, monitoring, testing, diagnosis, treatment, hospitalization, medication, therapeutic measures, prevention, or other acts taken or decisions made related to any conditions of personality, behavior, mental function, or of the mind, for the purpose of diagnosis, cure, mitigation, treatment, or prevention of disease of the mind, or for the purpose of affecting any structure or function of the mind.

 26. "MHM" shall refer to MHM Correctional Services, Inc.

27. "Morgan" shall refer to Phyllis Morgan.

28. "Party" shall refer to Plaintiff, Dunn, Givens, Morgan, Smith, Johnson, Rambo, Matthews, Cook, Stevenson, Hugh, or Jenkins.

29. "Parties" shall refer to Plaintiff, Dunn, Givens, Morgan, Smith, Johnson, Rambo, Matthews, Cook, Stevenson, Hugh, and Jenkins, collectively.

30. "Plaintiff" shall refer to Frankie Johnson.

31. "Rambo" shall refer to Reginald Rambo.

32. "Relate(s) to," "referred to," and "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, supporting, contradicting, summarizing, mentioning, concerning, and/or referring to, directly or indirectly.

33. "Relative(s)" shall refer to any spouse or ex-spouse of Plaintiff's; any person related to Plaintiff, whether by birth or adoption, within the third degree of consanguinity; any step or half siblings; any stepparents; and any stepchildren.

34. "Smith" shall refer to Vencini Smith.

35. "Statement(s)" means any written or recorded account of a person's knowledge of any of the facts of this case made or taken for use or possible use in this litigation including, without limitation, affidavits, signed or unsigned statements, audio or video recordings, e-mails, or letters purporting to memorialize or describe the comments of a person about alleged facts relating to this litigation.

36. "Third Party" means any natural person, corporation, partnership, company, sole partnership, association, institute, joint venture, trust, form, or other entity whether publicly or privately owned or controlled, for profit or not for profit, or partially or fully government controlled who is not specifically identified by name as a party to this Lawsuit as of the date of these requests.

37. "Wexford" shall refer to Wexford Health Sources, Inc.

38. "You" or "your" shall refer to the party responding to this written discovery request.

### DUTY TO SUPPLEMENT

You are hereby requested to supplement your responses if you or any person

acting on your behalf obtains documents or information which render your prior responses incorrect, incomplete, or misleading. Such supplemental responses shall be served promptly, but in any case, consistent with the operative scheduling order and/or within thirty (30) days after you receive or discover such documents or information and no later than fifteen (15) days before trial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Copies of any and all documents identified, mentioned, and/or relied upon by you, your counsel, or any other person acting on your behalf, in your answers and responses to any discovery requests served contemporaneously with and/or to Dunn's First Requests for Production, including but not limited to Dunn's First Interrogatories to Plaintiff.

2. Copies of any and all documents referring to, relating to, created by, provided to or by, or otherwise mentioning any ADOC Party, including, without limitation, any non-privileged communications, correspondence, reports, grievances, complaints, medical records, mental health records, financial records, and other documents pertaining in any way to any ADOC Party.

3. Copies of any and all of your medical and/or mental health records from December 1, 2016, to present.

4. Copies of any and all documents referring to, relating to, or otherwise evidencing your history of medical or mental health conditions, any hospitalization of yours, any medical or mental health providers of any kind providing any medical or mental health care to you, any medical or mental health care you sought or

received, and/or any medications prescribed for, administered to, or taken by you from December 1, 2016, to present.

5. Copies of any and all written communications between you and any member of the medical and mental health staff at any ADOC correctional facility from December 1, 2016, to present, including, without limitation, any written communication to or from anyone employed by or contracting with Corizon, MHM, and/or Wexford.

6. Copies of any and all documents including, and/or purporting to include, the signature of any ADOC Party and/or any representative of any ADOC Party.

7. Copies of any and all documents supporting, proving, and/or establishing any alleged injury incurred by you arising from the acts or omissions alleged in this Lawsuit and/or serving as the basis of this Lawsuit, including incident reports or any other report created in relation to any alleged injury.

8. Copies of any and all documents and communications referring to, relating to, or otherwise evidencing any arrest, criminal charge, probation violation, traffic violation, criminal proceeding, and/or criminal conviction(s) in which you were a party, a witness, or otherwise involved since December 1, 2011, that resulted in your imprisonment for more than one year; contained the proof of a dishonest act or false statement; and/or that involved you, any inmate(s) in the custody of ADOC,

any current or former ADOC employee(s), and/or any ADOC Party since December 1, 2011.

9. Copies of any and all documents, statements, and/or communications referring to, relating to, or otherwise evidencing any other lawsuit, judicial proceeding, administrative proceeding, disciplinary, complaint, or grievance filed and/or submitted by you, on your behalf, and/or against you since December 1, 2016, regarding any inmate(s) in the custody of ADOC, any current or former ADOC employee(s), and/or any ADOC Party in this action.

10. Copies of any and all documents referring to, relating to, or otherwise evidencing any complaints and/or grievances you submitted during any period of Incarceration, including formal complaints, grievances, administrative grievances, request slips, and any letters or written communications about such complaints.

11. Copies of any and all documents you relied upon in preparing any pleading filed on your behalf in this Lawsuit.

12. Copies of any and all notes, logs, journals, memoranda, and/or other similar documentation created by and/or for you referring to any ADOC Party in this Lawsuit, the allegations in any pleading filed on your behalf in this Lawsuit, any damage or injury you allegedly suffered and for which you seek to recover in this Lawsuit, and/or your Incarceration.

13. Copies of any and all communications and documentation referencing,

relating to, or evidencing any alleged assault, attack, or other act of violence, including rape and/or sexual assault or harassment, or any alleged threat of assault, attack, or other act of violence by any inmate at Donaldson against you since December 1, 2016.

14. Copies of any and all communications and documentation referencing, relating to, or evidencing your use of, possession of, and/or access to illegal drugs and substances since December 1, 2016.

15. Copies of any and all audio or video recordings, voicemail messages, text messages, telephone messages, emails, letters, and other communications since December 1, 2016, referencing, relating to, or evidencing your use of, possession of, and/or access to illegal drugs and substances.

16. Copies of any and all audio or video recordings, voicemail messages, text messages, telephone messages, emails, letters, and other communications since December 1, 2016, regarding the allegations in the Second Amended Complaint, (Doc. 119), any Incarceration of yours, your Incarceration at Donaldson, any ADOC Party in this Litigation, or relating to any individuals currently and/or previously employed by ADOC, Corizon, MHM, or Wexford.

17. Copies of any and all social media-based communications (e.g., posts, private messages, stories, photographs, etc.) by you since December 1, 2016, regarding the allegations in the Second Amended Complaint, (Doc. 119), any

11

Incarceration of yours, your Incarceration at Donaldson, and relating to any individuals currently and/or previously employed by ADOC, Corizon, MHM, or Wexford.

18. Copies of any and all social media-based communications (e.g., posts, private messages, stories, photographs, etc.) by you since December 1, 2016, referencing, relating to, or evidencing your use of, possession of, and/or access to illegal drugs and substances.

19. Copies of any and all communications and documents referring to, relating to, and/or otherwise evidencing any concern for your safety at Donaldson since December 1, 2016, including any request for protection from any other inmate at Donaldson.

20. Copies of any and all documents referring to, relating to, and/or otherwise evidencing any statement, written or oral, made by you or any person known to you and/or your attorneys reflecting, referencing, or otherwise related to knowledge of the matters alleged in any pleading in this Lawsuit.

21. Copies of any and all degrees, diplomas, certifications, and/or other documents evidencing any education, vocational training, and/or any other education received by any person whose testimony you and/or your attorney may rely upon or refer to in any fashion in the prosecution of this Lawsuit or as a basis for any alleged opinion you intend and/or anticipate offering at the trial of this

matter.

22. Copies of any and all documents (including communications) provided to any expert retained and/or specially employed by you to provide expert testimony in this Lawsuit.

23. Copies of the resume and/or curriculum vitae of any expert retained and/or specially employed by you to provide expert testimony in this Lawsuit.

24. Copies of any and all work papers, notes, or other documents created or in the file of any expert witness who is expected to testify or created or in the file of any expert who has written a report which is or will be relied on, in whole or in part, by a testifying expert.

25. Copies of any and all documents (including communications) and things prepared by any expert who you expect to call as a witness in this Lawsuit, including, but not limited to, reports; documents containing or reflecting factual observations, opinions, or conclusions; photographs; field notes; calculations; models; and/or exhibits.

26. Copies of any and all treatises or authoritative literature on which any expert witness intends to rely on for his or her testimony in this Lawsuit.

27. Copies of any and all documents (including communications) between you and/or your counsel and any expert retained and/or specially employed by you and/or your counsel to provide expert testimony in this action.

28. Copies of all documents and communications obtained from or produced by Wexford, MHM, or any Third Party related to the Lawsuit, Plaintiff's claims and allegations in the Lawsuit, the defenses asserted by Dunn in any pleading in this Lawsuit, Dunn, your medical or mental health care, and/or your Incarceration in ADOC.

29. Copies of any and all documents referring to, relating to, or otherwise evidencing any position of employment you held, any compensation you received, or any other source of income for you since December 1, 2016.

30. Copies of any and all documents, statements, and/or communications which you anticipate offering as evidence and/or relying upon in any way during any hearing and/or trial of this Lawsuit.

31. Copies of any and all non-privileged communications and documents referring to, relating to, and/or otherwise evidencing any and all information and/or documentation gathered, obtained, compiled, evaluated, analyzed, and/or considered in any way by you and/or your attorneys before filing the Complaint (Doc. 1), including any amendments thereto.

32. Copies of any and all pictures, photographs, sketches, drawings, paintings, movies, videos, or any other visual depictions of any kind of you and/or any part of your body provided, taken, and/or created since December 1, 2019.

33. Copies of any and all documents, statements, and/or communications

supporting and/or rebutting the allegations, denials, and/or affirmative defenses asserted in any Answer and/or responsive pleading filed on behalf of Dunn.

34. Copies of any and all documents, statements, and/or communications (other than privileged communications with counsel) relating to your claims against Dunn, supporting and/or rebutting in any way the allegations asserted in any pleading filed on your behalf in this Lawsuit, including the factual allegations in the Second Amended Complaint, (Doc. 119).

35. Copies of any and all documents received from a Third Party or a Party, pursuant to request or subpoena.

36. Copies of any and all documents reflecting the location of any documents requested in any of the preceding requests.

Dated: August 16, 2024.

                                              */s/ William J. Cranford III*
                                              *One of the Attorneys for Dunn*

                                              William R. Lunsford
                                              Matthew B. Reeves
                                              William J. Cranford, III
                                              **BUTLER SNOW LLP**
                                              200 West Side Square
                                              Suite 100
                                              Huntsville, Alabama 35801
                                              Telephone: (256) 936-5650
                                              Facsimile: (256) 936-5651
                                              bill.lunsford@butlersnow.com
                                              matt.reeves@butlersnow.com
                                              will.cranford@butlersnow.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this 16th day of August 2024:

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2120 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 410-1185
anil@dagneylaw.com

Gary Y. Gould
Jamila S. Mensah *(pro hac vice)*
Kelly Potter *(pro hac vice)*
**NORTON ROSE FULBRIGHT US, LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
gary.gould@nortonrosefulbright.com
jamila.mensah@nortonrosefulbright.com
kelly.potter@nortonrosefulbright.com

*Attorneys for Plaintiff*

Terri O. Tompkins
Christian A. Montgomery
Rosen Harwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

*Attorneys for Johnson*

Tara S. Hetzel
Vania Latitia Hosea
**ALABAMA OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7997
tara.hetzel@alabamaag.gov
vania.hosea@alabamaag.gov

*Attorneys for Givens, Morgan, Smith, Rambo, Matthews, Cook, Stevenson, and Hugh*

Albert L. Jordan
Benjamin B. Robinson
Thomas A. McKnight, Jr.
**WALLACE JORDAN RATLIFF & BRANDT, LLC**
800 Shades Creek Parkway, Suite 400
P.O. Box 530910
Birmingham, AL 35209
Telephone: (205) 870-0555
bjordan@wallacejordan.com
brobinson@wallacejordan.com
tmcknight@wallacejordan.com

*Attorneys for Jenkins*

                                    *William J. Cranford III*
                                    Of Counsel