FILED
2025 May-08  PM 06:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

FRANKIE JOHNSON,            )
                                     )
          Plaintiff,       )
                                     )
        v.              )    Case No.  2:21-cv-1701-AMM
                                     )
JEFFERSON DUNN, et al,   )
                                     )
         Defendants.    )
                                     )

**PLAINTIFF FRANKIE JOHNSON'S THIRD AMENDED RESPONSES AND**
**OBJECTIONS TO DEFENDANT JEFFERSON DUNN'S**
**<u>FIRST REQUESTS FOR PRODUCTION</u>**

Plaintiff Frankie Johnson ("Plaintiff") serves his Third Amended Responses and Objections to Defendant Jefferson Dunn's ("Dunn") First Requests for Production (each a "Request" and collectively, the "Requests") pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.  Plaintiff reserves his right to supplement or amend his responses as discovery progresses and further information becomes available.

<u>**GENERAL OBJECTIONS**</u>

1.     Plaintiff expressly asserts the following objections to each and every Definition, Instruction, and Request for Production as though fully set forth in response to each specific Definition, Instruction, and Request for Production. Although these objections may be specifically referred to in a Response, failure to mention a General Objection applicable to all Definitions, Instructions, and Requests for Production specifically should not be construed as a waiver of any such objection.

2.      Plaintiff objects to each Definition, Instruction, and Request for Production to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Nothing contained in these Responses and Objections is intended to be, or in any way constitutes, a waiver of any applicable privilege, protection, or immunity. Inadvertent production of any privileged or otherwise protected documents or information shall not constitute a waiver of any claim of privilege, protection, immunity, or exemption.

3.      Plaintiff objects to each Definition, Instruction, and Request for Production to the extent that it exceeds or differs from the requirements of, or attempts to place burdens upon Plaintiff greater than those imposed or allowed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Alabama, and/or any other applicable Court Order or Stipulation.

4.      Plaintiff objects to each Definition, Instruction, and Request for Production to the extent they are overly burdensome and/or duplicative. Plaintiff reserves the right to seek appropriate relief from Requests that are unduly burdensome and/or unreasonably duplicative.

5.      Plaintiff objects to the Requests to the extent they do not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

6.      Plaintiff has not fully completed an investigation of the facts relating to this Action, discovery remains ongoing, and Plaintiff has not fully completed preparation for trial at this time; thus, all of the answers contained herein are based only upon the information and documents that are currently available and specifically known to Plaintiff at this time. It is anticipated that further

discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal responses, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth herein. The following answers to the Requests are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact(s) which Plaintiff may later recall.

7.      Plaintiff objects to the Requests to the extent they are argumentative and contain any explicit or implicit characterizations/mischaracterizations of facts, documents, events, circumstances, or issues. Any response by Plaintiff contained herein is not intended to indicate that Plaintiff agrees with any argument or explicit or implicit characterizations/mischaracterizations of facts, documents, events, circumstances, or issues in the Requests, or that such implications or characterizations/mischaracterizations are relevant to this action.

8.      Plaintiff responds to each Request for Production without in any way waiving or intending to waive:

    a.  Objections as to competency, relevancy, materiality, privilege, and/or admissibility;

    b.  Objections as to vagueness or ambiguity;

    c.  Rights to object on any ground to the use at any hearing or trial of any information it provides in response to the Request for Production; and

    d.  Rights to object on any ground to any further Requests for Production or other discovery requests involving or related to the Requests for Production.

9.      The General Objections above are incorporated by reference into each of the Objections to Instructions, Definitions, and Responses and Objections to Requests for Production below and are

neither waived nor in any way limited by the Objections to Instructions, Definitions, and Responses and Objections to Requests for Production.

## OBJECTIONS TO DEFINITIONS

10.     Plaintiff objects to each and every Definition set forth in these Requests to the extent that such Definitions broaden the terms beyond their ordinary meaning or impose obligations on Plaintiff broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Alabama, and/or any other applicable Court Order or Stipulation.

11.     Plaintiff objects to the definition of "ADOC correctional facility" to the extent it limits the term to only "major" correctional facilities.

12.     Plaintiff objects to the definition of "Identify" when used in connection with a person as overly broad and unduly burdensome on the grounds that it requires Plaintiff to identify several detailed data points which may or may not be available to Plaintiff, including their social security number, birthday, last known address, present employer and address or location of employer, and relationship to Plaintiff.

## OBJECTIONS TO INSTRUCTIONS

13.     Plaintiff objects to each and every Instruction set forth in these Requests to the extent that such Instructions broaden the terms beyond their ordinary meaning or impose obligations on Plaintiff broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Alabama, and/or any other applicable Court Order or Stipulation.

14.     Plaintiff objects to Instruction 1 to the extent that it imposes obligations on Plaintiff broader than or inconsistent with Plaintiff's obligations to produce documents in Plaintiff's possession, custody, or control under  Federal Rule of Civil Procedure 34(a)(1).

15.    Plaintiff objects to Instruction 4 to the extent that it imposes obligations on Plaintiff broader than or inconsistent with Plaintiff's obligations under Federal Rule of Civil Procedure 26(b)(5)(A).

16.    Plaintiff objects to Instruction 7 to the extent it seeks to impose an express and unequivocal waiver of Plaintiff's right to object to the Requests. Plaintiff hereby disavows that it waives any objection Plaintiff may have to the Requests.

## RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Copies of any and all documents identified, mentioned, and/or relied upon by you, your counsel, or any other person acting on your behalf, in your answers and responses to any discovery requests served contemporaneously with and/or to Dunn's First Requests for Production, including but not limited to Dunn's First Interrogatories to Plaintiff.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" documents relied upon by Plaintiff in Plaintiff's answers and responses to Dunn's discovery requests. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to the undefined and unlimited term "relied upon" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff agrees to conduct a reasonable search for non-privileged documents responsive to this Request related to Plaintiff's answers and responses to Dunn's First Interrogatories to Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:**

Copies of any and all documents referring to, relating to, created by, provided to or by, or otherwise mentioning any ADOC Party, including, without limitation, any non-privileged communications, correspondence, reports, grievances, complaints, medical records, mental health records, financial records, and other documents pertaining in any way to any ADOC Party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, harassing, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" documents referring to, relating to, created by, provided to or by, or otherwise mentioning any ADOC Party regardless of their relevance to the claims and defenses in this case. Plaintiff further objects to this Request because it is unlimited as to time. Plaintiff further objects to this Request to the extent it calls for the disclosure of information protected by the psychotherapist-patient privilege or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal access. Plaintiff further objects to the undefined and unlimited terms "referring to," "relating to," "created by," "provided to or by," and "mentioning" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff has agreed to, continues to, search for responsive non-privileged documents in his possession, custody, or control. Plaintiff will produce any such documents if located. Plaintiff will also produce documents received by

Plaintiff's counsel in response to a public records request or third-party subpoena.  Pursuant to Rule 26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 3:**

Copies of any and all of your medical and/or mental health records from December 1, 2016, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" medical or mental health records regardless of their relevance to the claims or defenses in this case. Plaintiff further objects to this Request to the extent it calls for the disclosure of information protected by the psychotherapist-patient privilege or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents  available from sources other than Plaintiff to which Defendant has equal access.

Subject to and without waiver of these objections, Plaintiff will produce non-privileged documents related to Plaintiff's injuries resulting from the incidents made the basis of this suit. Plaintiff will also produce documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

Further answering, to the extent any responsive information concerns the existence or treatment of any mental health conditions, the psychotherapist privilege protects such information from disclosure. Pursuant to Rule 26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege..

**REQUEST FOR PRODUCTION NO. 4:**

Copies of any and all documents referring to, relating to, or otherwise evidencing your history of medical or mental health conditions, any hospitalization of yours, any medical or mental health providers of any kind providing any medical or mental health care to you, any medical or mental health care you sought or received, and/or any medications prescribed for, administered to, or taken by you from December 1, 2016, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" documents relating to Plaintiff's medical or mental health conditions regardless of their relevance to the claims or defenses in this case. Plaintiff further objects to this Request to the extent it calls for the disclosure of information protected by the psychotherapist-patient privilege or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal access. Plaintiff further objects to the undefined and unlimited terms "referring to," "relating to," "evidencing," "access," "illegal drugs," and "substances" as vague and ambiguous. Plaintiff further objects to this Request to the extent it is duplicative of Request No. 3.

Subject to and without waiver of these objections, Plaintiff will produce non-privileged documents related to Plaintiff's injuries resulting from the incidents made the basis of this suit. Plaintiff will also produce documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

Further answering, to the extent any responsive information concerns the existence or treatment of any mental health conditions, the psychotherapist privilege protects such information from disclosure. Pursuant to Rule 26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege.

## REQUEST FOR PRODUCTION NO. 5:

Copies of any and all written communications between you and any member of the medical and mental health staff at any ADOC correctional facility from December 1, 2016, to present, including, without limitation, any written communication to or from anyone employed by or contracting with Corizon, MHM, and/or Wexford.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" communications between Plaintiff and medical staff regardless of their relevance to the claims or defenses in this case. Plaintiff further objects to this Request to the extent it calls for the disclosure of information protected by the psychotherapist-patient privilege or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal (or better) access. Plaintiff further objects to the undefined and unlimited terms "member" and "medical and mental health staff," as vague and ambiguous. Plaintiff further objects to this Request to the extent it is duplicative of Request No. 3.

Subject to and without waiver of these objections, Plaintiff will produce non-privileged documents related to Plaintiff's injuries resulting from the incidents made the basis of this suit.

Plaintiff will also produce documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

Further answering, to the extent any responsive information concerns the existence or treatment of any mental health conditions, the psychotherapist privilege protects such information from disclosure. Pursuant to Rule 26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 6:**

Copies of any and all documents including, and/or purporting to include, the signature of any ADOC Party and/or any representative of any ADOC Party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, harassing, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" documents including or purporting to include the signature of any ADOC Party or their representative regardless of their relevance to the claims or defenses in this case. Plaintiff further objects to this Request because it is unlimited as to time. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant also equal or better access.

Subject to and without waiver of these objections, Plaintiff has agreed to, continues to, search for responsive non-privileged documents in his possession, custody, or control. Plaintiff will produce any such documents if located.  Plaintiff will also produce documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

**REQUEST FOR PRODUCTION NO. 7:**

Copies of any and all documents supporting, proving, and/or establishing any alleged injury incurred by you arising from the acts or omissions alleged in this Lawsuit and/or serving as the basis of this Lawsuit, including incident reports or any other report created in relation to any alleged injury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the undefined and unlimited terms "supporting," "proving," "establishing," and "report" as vague and ambiguous. Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access.

Subject to and without waiver of these objections, Plaintiff has agreed to, continues to, search for responsive non-privileged documents in his possession, custody, or control. Plaintiff will produce any such documents if located.  Plaintiff will also produce documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

**REQUEST FOR PRODUCTION NO. 8:**

Copies of any and all documents and communications referring to, relating to, or otherwise evidencing any arrest, criminal charge, probation violation, traffic violation, criminal proceeding, and/or criminal conviction(s) in which you were a party, a witness, or otherwise involved since

December 1, 2011, that resulted in your imprisonment for more than one year; contained the proof of a dishonest act or false statement; and/or that involved you, any inmate(s) in the custody of ADOC, any current or former ADOC employee(s), and/or any ADOC Party since December 1, 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce copies of "any and all" documents and communications related to criminal or traffic proceedings or violations not only in which Plaintiff was a party, but also in which Plaintiff was involved in any way, over a thirteen year period. Plaintiff further objects that this Request seeks documents that are not relevant to, or probative of, any claim or defense asserted in this case. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access. Plaintiff further objects to the undefined and unlimited terms "referring to," "relating to," "establishing," "evidencing," "involved," and "dishonest act" as vague and ambiguous.

Plaintiff responds that Plaintiff does not have custody, possession, or control over any records that may be responsive to this request, and will not be producing any documents related to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Copies of any and all documents, statements, and/or communications referring to, relating to, or otherwise evidencing any other lawsuit, judicial proceeding, administrative proceeding, disciplinary, complaint, or grievance filed and/or submitted by you, on your behalf, and/or against

you since December 1, 2016, regarding any inmate(s) in the custody of ADOC, any current or former ADOC employee(s), and/or any ADOC Party in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce copies of "any and all" documents, statements, or communications related to a myriad of dispute proceedings, complaints, or grievances regarding any other inmate in ADOC's custody or former or current ADOC employees over an eight year period. Plaintiff further objects that this Request seeks documents that are not relevant to, or probative of, any claim or defense asserted in this case.  Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access. Plaintiff further objects to the undefined and unlimited terms "referring to," "relating to," "evidencing," "administrative proceeding," "disciplinary," "complaint," "grievance," "submitted," and "filed" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff has agreed to, and continues to, search for non-privileged documents related to complaints or grievances that relate in any way to the subject matter of this litigation that are in Plaintiff's possession, custody, or control.  Plaintiff will produce any such documents if located.  Plaintiff will also produce such documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.  Plaintiff will

complete a diligent search for any disciplinary records that relate in any way to the subject matter of this litigation and will produce any such documents.

**REQUEST FOR PRODUCTION NO. 10:**

Copies of any and all documents referring to, relating to, or otherwise evidencing any complaints and/or grievances you submitted during any period of Incarceration, including formal complaints, grievances, administrative grievances, request slips, and any letters or written communications about such complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce copies of "any and all" documents related to complaints or grievances Plaintiff submitted at any time during his incarceration regardless of their relevance to this suit. Plaintiff further objects to this Request because it is unlimited as to time. Plaintiff further objects to this Request to the extent it is duplicative of Request No. 9. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access. Plaintiff further objects to the undefined and unlimited terms "referring to," "relating to," "evidencing," "submitted," "complaint," "grievance," "formal complaint," "administrative grievance," and "request slips" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff has agreed to, and continues to, search for non-privileged documents related to complaints or grievances filed by Plaintiff that relate in any way to the subject matter of this litigation and that are in Plaintiff's possession, custody, or control. Plaintiff will produce any such documents if located. Plaintiff will also produce such documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

**REQUEST FOR PRODUCTION NO. 11:**

Copies of any and all documents you relied upon in preparing any pleading filed on your behalf in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" documents Plaintiff relied upon in preparing his pleadings regardless of their relevance to the claims and defenses in this case. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access. Plaintiff further objects to the undefined and unlimited terms "relied upon" and "preparing" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff responds that documents responsive to this request are referenced in Plaintiff's Initial Disclosures and are publicly available documents at the locations stated therein.

**REQUEST FOR PRODUCTION NO. 12:**

Copies of any and all notes, logs, journals, memoranda, and/or other similar documentation created by and/or for you referring to any ADOC Party in this Lawsuit, the allegations in any pleading filed on your behalf in this Lawsuit, any damage or injury you allegedly suffered and for which you seek to recover in this Lawsuit, and/or your Incarceration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" documentation created by or for Plaintiff referring to any ADOC Party in this Lawsuit or Plaintiff's incarceration regardless of their relevance to the claims and defenses in this case. Plaintiff further objects to this Request because it is unlimited as to time. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access. Plaintiff further objects to the undefined and unlimited terms "notes," "logs," "journals," "memoranda," "created," and "referring" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff has agreed to, and continues to, search for non-privileged documents responsive to this Request related to the incidents made the basis of this suit.  Plaintiff will produce any such documents if located.

**REQUEST FOR PRODUCTION NO. 13:**

Copies of any and all communications and documentation referencing, relating to, or evidencing any alleged assault, attack, or other act of violence, including rape and/or sexual assault or harassment, or any alleged threat of assault, attack, or other act of violence by any inmate at Donaldson against you since December 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this Request as overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" communications and documentation relating to any act of violence or threat of same by any inmate against Plaintiff over an eight year period regardless of their relevance to the claims or defenses in this case. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access. Plaintiff further objects to the undefined and unlimited terms "referencing," "relating to," and "evidencing" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff agrees to conduct a reasonable search for non-privileged documents responsive to this Request related to the incidents made the basis of this suit. Plaintiff will produce documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of any and all communications and documentation referencing, relating to, or evidencing your use of, possession of, and/or access to illegal drugs and substances since December 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, harassing, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" communications and documents relating to Plaintiff's access to illegal drugs and substances which are irrelevant to any claim or defense in this case. Plaintiff further objects to the undefined and unlimited terms "referencing," "relating to," "evidencing," "access to," "illegal drugs," and "substances" as vague and ambiguous. Plaintiff also objects to the use of a time period spanning nearly a decade, when the incidents made the basis of this lawsuit occurred over less than a one-year period. Plaintiff further objects to this Request as violative of his right to be protected from self-incrimination under the Fifth Amendment.

Without waiver of the foregoing objections, Plaintiff  does not have any responsive documents in his possession, custody, or control.  Plaintiff will produce any responsive documents received by Plaintiff's counsel in response to a public records request or third-party subpoena. Plaintiff reserves his Fifth Amendment rights with respect to any future testimony sought be elicited from him.

**REQUEST FOR PRODUCTION NO. 15:**

Copies of any and all audio or video recordings, voicemail messages, text messages, telephone messages, emails, letters, and other communications since December 1, 2016, referencing, relating to, or evidencing your use of, possession of, and/or access to illegal drugs and substances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, harassing and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" communications relating to Plaintiff's access to illegal drugs and substances which are irrelevant to any claim or defense in this case. Plaintiff further objects to the undefined and unlimited terms "referencing," "relating to," "evidencing," "access to," "illegal drugs," and "substances" as vague and ambiguous. Plaintiff also objects to the use of a time period spanning nearly a decade, when the incidents made the basis of this lawsuit occurred over less than a one-year period. Plaintiff further objects to this Request as violative of his right to be protected from self-incrimination under the Fifth Amendment.

Without waiver of the foregoing objections, Plaintiff does not have any responsive documents in his possession, custody, or control. Plaintiff will produce any responsive documents received by Plaintiff's counsel in response to a public records request or third-party subpoena. Plaintiff reserves his Fifth Amendment rights with respect to any future testimony sought be elicited from him.

**REQUEST FOR PRODUCTION NO. 16:**

Copies of any and all audio or video recordings, voicemail messages, text messages, telephone messages, emails, letters, and other communications since December 1, 2016, regarding the allegations in the Second Amended Complaint, (Doc. 119), any Incarceration of yours, your Incarceration at Donaldson, any ADOC Party in this Litigation, or relating to any individuals currently and/or previously employed by ADOC, Corizon, MHM, or Wexford.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

19

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" communications regarding Plaintiff's allegations in the Second Amended Complaint, any incarceration of Plaintiff's, or any individuals currently or previously employed by ADOC or its third party contractors regardless of their relevance to the claims or defenses of this case. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access.  Plaintiff further objects to the undefined and unlimited term "regarding" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff responds that Plaintiff does not have custody, possession, or control over any records that may be responsive to this request. .

## REQUEST FOR PRODUCTION NO. 17:

Copies of any and all social media-based communications (e.g., posts, private messages, stories, photographs, etc.) by you since December 1, 2016, regarding the allegations in the Second Amended Complaint, (Doc. 119), any Incarceration of yours, your Incarceration at Donaldson, and relating to any individuals currently and/or previously employed by ADOC, Corizon, MHM, or Wexford.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it

asks Plaintiff to produce "any and all" social media-based communications by Plaintiff regarding Plaintiff's allegations in the Second Amended Complaint, incarceration, or any individuals currently or previously employed by ADOC or its third party contractors regardless of their relevance to the claims or defenses of this case. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access.  Plaintiff further objects to the undefined and unlimited term "regarding" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff responds that Plaintiff does not have custody, possession, or control over any records that may be responsive to this request, and Plaintiff is not producing any documents related to this Request.

## REQUEST FOR PRODUCTION NO. 18:

Copies of any and all social media-based communications (e.g., posts, private messages, stories, photographs, etc.) by you since December 1, 2016, referencing, relating to, or evidencing your use of, possession of, and/or access to illegal drugs and substances.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, harassing, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" social media-based communications relating to Plaintiff's access to illegal drugs and substances which are irrelevant to any claim or defense in this case. Plaintiff further objects to this Request as violative of his right to be protected from self-incrimination under the Fifth Amendment. Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better

access.  Plaintiff further objects to the undefined and unlimited terms "referencing," "relating to," "evidencing," "access to," "illegal drugs," and "substances" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff responds that Plaintiff does not have custody, possession, or control over any records that may be responsive to this request. Without waiver of the foregoing objections, Plaintiff will produce any responsive documents received by Plaintiff's counsel in response to a public records request or third-party subpoena. Plaintiff reserves his Fifth Amendment rights with respect to any future testimony sought be elicited from him.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of any and all communications and documents referring to, relating to, and/or otherwise evidencing any concern for your safety at Donaldson since December 1, 2016, including any request for protection from any other inmate at Donaldson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff further objects to this Request because it seeks documents available from sources other than Plaintiff to which Defendant has equal or better access.  Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiff responds that he has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of any and all documents referring to, relating to, and/or otherwise evidencing any statement, written or oral, made by you or any person known to you and/or your attorneys

reflecting, referencing, or otherwise related to knowledge of the matters alleged in any pleading in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request because it is unlimited as to time. Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, none at this time. Further answering, Plaintiff agrees to conduct a reasonable search for non-privileged documents responsive to this Request in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of any and all degrees, diplomas, certifications, and/or other documents evidencing any education, vocational training, and/or any other education received by any person whose testimony you and/or your attorney may rely upon or refer to in any fashion in the prosecution of this Lawsuit or as a basis for any alleged opinion you intend and/or anticipate offering at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it

asks for a copy of each and every single evidence of any education completed by any fact or expert witness. Plaintiff further objects to the extent this Request is duplicative of Request No. 23. Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents responsive to Request No. 23 in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 22:**

Copies of any and all documents (including communications) provided to any expert retained and/or specially employed by you to provide expert testimony in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(a)(2) on the grounds that it asks Plaintiff to produce "any and all" documents provided to retained experts regardless of their relevance to the claims and defenses in this case. Plaintiff further objects to this Request because it improperly seeks information protected by privilege, including but not limited to that proscribed under Fed. R. Civ. P. 26(b)(4)(B)-(C), the attorney-client privilege, the work-product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, none at this time. Further answering, Plaintiff will conduct a reasonable search for documents responsive to this Request,

and discoverable under Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii), in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 23:**

Copies of the resume and/or curriculum vitae of any expert retained and/or specially employed by you to provide expert testimony in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this Request as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, none at this time. Further answering, Plaintiff will exchange such documentation in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 24:**

Copies of any and all work papers, notes, or other documents created or in the file of any expert witness who is expected to testify or created or in the file of any expert who has written a report which is or will be relied on, in whole or in part, by a testifying expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(a)(2). Plaintiff further objects to this Request because it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity,

or exemption from discovery. Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, none at this time. Further answering, Plaintiff will exchange such documentation in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 25:**

Copies of any and all documents (including communications) and things prepared by any expert who you expect to call as a witness in this Lawsuit, including, but not limited to, reports; documents containing or reflecting factual observations, opinions, or conclusions; photographs; field notes; calculations; models; and/or exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, none at this time. Further answering, Plaintiff will exchange such documentation in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 26:**

Copies of any and all treatises or authoritative literature on which any expert witness intends to rely on for his or her testimony in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, none at this time. Further answering, Plaintiff will exchange such documentation in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 27:**

Copies of any and all documents (including communications) between you and/or your counsel and any expert retained and/or specially employed by you and/or your counsel to provide expert testimony in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" documents "between" Plaintiff and/or Plaintiff's counsel and retained experts regardless of their relevance to the claims and defenses in this case. Plaintiff further objects to this Request because it improperly seeks information protected by privilege, including but not limited to that proscribed under Fed. R. Civ. P. 26(b)(4)(C), the attorney-client privilege, the work-product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiver of these objections, none at this time. Further answering, Plaintiff will conduct a reasonable search for communications responsive to this Request and discoverable under Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii) in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court. Pursuant to Rule

26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 28:**

Copies of all documents and communications obtained from or produced by Wexford, MHM, or any Third Party related to the Lawsuit, Plaintiff's claims and allegations in the Lawsuit, the defenses asserted by Dunn in any pleading in this Lawsuit, Dunn, your medical or mental health care, and/or your Incarceration in ADOC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiffs to produce *all* documents and communications obtained by *any* third party related not only to this lawsuit and the claims and defenses asserted therein, but also Plaintiff's medical or mental health care or incarceration in ADOC facilities. Plaintiff further objects to this Request because it is unlimited as to time. Plaintiff further objects to this Request to the extent it calls for the disclosure of information protected by the psychotherapist-patient privilege or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to the undefined and unlimited terms "pursuant to" and "request" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff will produce Plaintiff's medical records of treatment received after the December 27, 2019 attack obtained from UAB University Hospital. Plaintiff will also produce medical records received by Plaintiff's counsel from ADOC in response to a third-party subpoena.

Further answering, to the extent any responsive information concerns the existence or treatment of any mental health conditions, the psychotherapist privilege protects such information

from disclosure. Pursuant to Rule 26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 29:**

Copies of any and all documents referring to, relating to, or otherwise evidencing any position of employment you held, any compensation you received, or any other source of income for you since December 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all documents" relating to Plaintiff's employment or income which are not relevant to any claims or defenses in this case. Plaintiff further objects to the undefined and unlimited terms "referring to," "relating to," "evidencing," "position of employment," "compensation," and "income" as vague and ambiguous.

Without waiving the foregoing objections, Plaintiff responds that he has no responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

Copies of any and all documents, statements, and/or communications which you anticipate offering as evidence and/or relying upon in any way during any hearing and/or trial of this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request that are in Plaintiff's possession, custody, or control, as well as documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.. Further answering, Plaintiff will exchange such documentation in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 31:**

Copies of any and all non-privileged communications and documents referring to, relating to, and/or otherwise evidencing any and all information and/or documentation gathered, obtained, compiled, evaluated, analyzed, and/or considered in any way by you and/or your attorneys before filing the Complaint (Doc. 1), including any amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request because it is unlimited as to time. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to the undefined and unlimited terms "referring to," "relating to," "evidencing," "information," "documentation," "gathered," "obtained," "compiled," "evaluated," "analyzed," and "considered" as vague and ambiguous. Plaintiff further objects that this Request is duplicative of Request No. 11.

Subject to and without waiver of these objections, Plaintiff responds that documents responsive to this request are referenced in Plaintiff's Initial Disclosures and are publicly available documents at the locations stated therein.

**REQUEST FOR PRODUCTION NO. 32:**

Copies of any and all pictures, photographs, sketches, drawings, paintings, movies, videos, or any other visual depictions of any kind of you and/or any part of your body provided, taken, and/or created since December 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, harassing, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiff to produce "any and all" visual depictions of Plaintiff or any of Plaintiff's body parts created by anyone in the last five years regardless of their relevance to the claims and defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request that are in Plaintiff's possession, custody, or control, as well as documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

**REQUEST FOR PRODUCTION NO. 33:**

Copies of any and all documents, statements, and/or communications supporting and/or rebutting the allegations, denials, and/or affirmative defenses asserted in any Answer and/or responsive pleading filed on behalf of Dunn.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request that are in Plaintiff's possession, custody, or control, as well as documents received by Plaintiff's counsel in response to a public records request or third-party subpoena. Plaintiff will exchange such documentation in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court.

**REQUEST FOR PRODUCTION NO. 34:**

Copies of any and all documents, statements, and/or communications (other than privileged communications with counsel) relating to your claims against Dunn, supporting and/or rebutting in any way the allegations asserted in any pleading filed on your behalf in this Lawsuit, including the factual allegations in the Second Amended Complaint, (Doc. 119).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Plaintiff further objects that this Request calls for an improper marshalling of evidence prior to trial.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request that are in Plaintiff's possession, custody, or control, as well as documents received by Plaintiff's counsel in response to a public records request or third-party subpoena. Plaintiff will exchange such documentation in compliance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the court. Pursuant to Rule 26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 35:**

Copies of any and all documents received from a Third Party or a Party, pursuant to request or subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it asks Plaintiffs to produce "any and all documents" received from a Party or Third Party regardless of their relevance to the claims and defenses in this case. Plaintiff further objects to this Request to the extent it calls for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiff further objects to the undefined and unlimited terms "pursuant to" and "request" as vague and ambiguous.

Subject to and without waiver of these objections, Plaintiff will produce Plaintiff's medical records of treatment received after the December 27, 2019 attack obtained from UAB University

Hospital. Plaintiff will also produce documents received by Plaintiff's counsel in response to a public records request or third-party subpoena.

Further answering, to the extent any responsive information concerns the existence or treatment of any mental health conditions, the psychotherapist privilege protects such information from disclosure. Pursuant to Rule 26(b), Plaintiff will serve a privilege log reflecting information withheld or redacted on the basis of privilege.

## REQUEST FOR PRODUCTION NO. 36:

Copies of any and all documents reflecting the location of any documents requested in any of the preceding requests.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Plaintiff objects to this Request as overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) on the grounds that it seeks information not relevant to any claim or defense in this case.

Without waiving the foregoing objections, Plaintiff responds that Plaintiff does not have custody, possession, or control over any records that may be responsive to this request, and will not be producing any documents related to this request.

Dated: May 2, 2025                      BY**:** */s/ Jamila S. Mensah*

                                        *Counsel of Record for Plaintiff*

                                        BY**:** /s/ *M. Wesley Smithart*

                                        *Local Counsel for Plaintiff*

                                        **Norton Rose Fulbright US LLP**
                                        *Jamila S. Mensah (admitted pro hac vice)
                                        Kelly A. Potter (admitted pro hac vice)
                                        Gary. Y. Gould (admitted pro hac vice)
                                        1550 Lamar Street, Suite 2000
                                        Houston, Texas 77010
                                        T: 312-243-5900
                                        F: 312-243-5902
                                        E:jamila.mensah@nortonrosefulbright.com
                                        *Counsel of Record

                                        **LIGHTFOOT, FRANKLIN & WHITE, LLC**
                                        Lana A. Olson
                                        M. Wesley Smithart
                                        The Clark Building
                                        400th Street North
                                        Birmingham, Alabama 35203
                                        205-581-1529 Phone
                                        025-581-0799 Fax
                                        lolson@lightfootlaw.com
                                        wsmithart@lightfootlaw.com

                                        **Dagney Johnson Law Group**
                                        Anil A. Mujumdar (ASB-2004-L65M)
                                        2170 Highland Avenue, Suite 250
                                        Birmingham, Alabama 35205
                                        T: 205-590-6986
                                        F: 205-809-7899
                                        E: anil@dagneylaw.com

                                        *Attorneys for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on May 2, 2025.

*/s/ Gary Y. Gould*
Gary Y. Gould
