## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKIE JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 2:21-cv-1701-AMM |
| JEFFERSON S. DUNN, et al., | § § | |
| Defendants. | § § § § | |

### PLAINTIFF FRANKIE JOHNSON'S OPPOSED[1]
### MOTION TO EXTEND DEADLINES

Pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiff Frankie Johnson ("Plaintiff" or "Mr. Johnson") hereby moves the Court for an Order extending the deadlines in this case by four months in order to complete discovery. Mr. Johnson respectfully requests the Court grant this motion and shows as follows:

---

[1] Only Defendant Dunn has opposed this motion. Defendant Dunn's counsel stated that he "cannot agree to, or evaluate the length of, an extension without clarity as to both the number and timing of the depositions Plaintiff intends to pursue." As explained herein, Plaintiff cannot state with certainty the number of depositions that will be necessary and the timing of such depositions at this time.

297990217.3

<u>**FACTUAL BACKGROUND**</u>

**1. Lawsuit filed on December 27, 2021.**

Plaintiff first filed this Section § 1983 civil rights lawsuit against Defendants on December 27, 2021. Doc. 1. After motion practice and amendments to Plaintiff's complaint, the Court granted in part and denied in part Defendants' motions to dismiss on March 12, 2024. Docs. 146, 147.

**2. Defendants file their answers on March 26, 2024 and April 8, 2024.**

Following the partial denial of their motions to dismiss and an unopposed extension of time requested by several defendants (Doc. 148), Defendants filed answers to Mr. Johnson's Second Amended Complaint on March 26, 2024 and April 8, 2024. Docs. 150, 153, 154.

3. **Discovery begins in July 2024.**

This Court entered an initial order governing the proceedings on July 17, 2024 and the parties filed their report of their Rule 26(f) Planning Meeting on July 18, 2024. Docs. 156 and 159. Subsequently, this Court entered a Scheduling Order on July 19, 2024. Doc. 160.

The parties began negotiating the scope of the protective order and filed a joint motion for the protective order on November 25, 2024. Doc 161. Plaintiff served his first discovery requests on December 4, 2024. Doc. 169-1.

4. **Plaintiff's counsel has encountered difficulties communicating with Plaintiff over the past year.**

2

Plaintiff is a prisoner in ADOC custody, and it is often difficult for him to contact his counsel, which necessitated Plaintiff's counsel's requests for discovery extensions on his behalf. Until late 2024, Plaintiff's counsel was required to send letters to Donaldson's administrative staff to coordinate pre-set times to speak with Plaintiff. Consequently, it often took weeks to arrange a phone conference with Plaintiff. Last year, Plaintiff's counsel learned that Donaldson had ceased coordinating legal calls for prisoners. Now, Mr. Johnson must call his counsel using Securus, Donaldson's contracted phone provider. Since March of this year, however, Mr. Johnson has been unable to make pre-arranged calls with his counsel because Donaldson's contracted phone provider, Securus Technologies, flagged counsel's law office phone numbers as being prohibited internet-based phone numbers.

Arranging in-person visits with Mr. Johnson has been similarly cumbersome. Attorney visits are only allowed three days per week and must be coordinated through Donaldson administrative staff, including Defendant Smith. Plaintiff's counsel has been denied the right to bring a legal assistant to attend visits. *See* Ex. A (Oct. 23, 2024 email chain, where Defendant Smith refused to approve a legal assistant's attendance). Mr. Johnson is not allowed to access his cell to collect documents during attorney visits.

**5. Defendants requested multiple extensions for their discovery responses.**

On December 26, 2024, counsel for Defendant Dunn requested a 30-day extension for Dunn's responses to Plaintiff's discovery requests. As a professional courtesy, Plaintiff consented. On January 3, 2025, counsel for Defendants Gwendolyn Givens, Phyllis Morgan, Vencini Smith, Reginald Rambo, Trenton Matthews, Warren Cook, Justin Stevenson, and Erich Hugh (the "AG Defendants") likewise requested a 30-day extension of the AG Defendants' responses to Plaintiff's discovery requests. On February 2, counsel for Dunn demanded an additional ten-day extension. As a professional courtesy, Plaintiff did not oppose.

Defendants Hugh, Stephens, Rambo, Mathew, and Cook did not serve their interrogatory responses until April 21, 2025—over four months after they were served on Dec. 4, 2024. None of the Defendants is currently incarcerated or otherwise unable to communicate with their counsel.

The Defendants took the position in their discovery responses that because they were sued in their individual capacity, they did not have custody or control of the documents requested, and Plaintiff should subpoena the requested documents from ADOC. Accordingly, Plaintiff served a subpoena *duces tecum* on ADOC on December 13, 2024 (the "Subpoena"). On December 31, 2024, ADOC responded to the Subpoena objecting to producing documents for each of Plaintiff's requests, unless Plaintiff paid fees in advance. The steps Plaintiff's counsel took to resolve

4

the prepayment issue without involving the Court are detailed in Plaintiff's motion to compel (Doc. 169).

Relevant here, Plaintiff asked to meet and confer with ADOC regarding ADOC's objections on January 9, 2025, the day after receiving ADOC's objections. Plaintiff specifically asked ADOC to set forth the authority for its position on prepayment of fees on January 22, 2025. ADOC did not confirm that it would stand on its objections as to pre-payment of fees until April 3, 2025—over two months later. The Court issued an order granting Plaintiff's motion to compel in part and denying in part on May 14, 2025. (Doc. 184).

### 6. Dunn seeks to compel further discovery from Plaintiff.

On May 8, 2025, Dunn filed a motion to compel further discovery from Plaintiff. Doc. 182. Plaintiff strongly disputes the characterizations of Plaintiff's discovery conduct within that motion. Plaintiff's counsel has been working to resolve the discovery disputes—which were not raised until over four months after his discovery responses were served. However, to the extent that this Court orders further discovery from Plaintiff, and depending when that order is issued, Plaintiff may be unable to comply within the current fact discovery deadline.

### 7. Plaintiff will not be able to review documents and depose witnesses before June 13, 2025.

The current fact discovery deadline in this case is June 13, 2025. Doc. 160. Plaintiff appreciates the Court's quick resolution of the motion to compel and is

working with ADOC and Defendants as directed in the Court's Order.  Doc. 184. However, Plaintiff has not yet received any documents from Defendants or ADOC aside from the incident reports, and only thirty days remain for fact discovery. Plaintiff intends to depose each Defendant (with the exception of Deaundra Johnson) and at least one other prisoner who has relevant knowledge.  However, Plaintiff will not be able to probe the bases for his claims and Defendants' defenses at deposition without supporting documents.  For example, Plaintiff contends that Defendants Dunn, Givens, Smith, and Morgan "failed to take reasonable steps to ensure that Donaldson staff adequately implemented any [] procedures" to address ADOC's systemic failures.  Doc. 119, ¶ 166.  To the extent any Defendant asserts at deposition they in fact did implement procedures addressing these failures, Plaintiff should be able to question that Defendant about the procedures' adequacy, which will require Plaintiff to receive and review the ADOC procedures he seeks with the Subpoena. Additionally, the events at issue occurred four to five years ago, and documents to refresh the Defendants' recollection will be critical at deposition.  Plaintiff cannot depose witnesses when he still lacks the basic documents central to proving his case.

## ARGUMENT AND AUTHORITIES

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." While the Federal Rules of Civil Procedure do not define "good cause," the "advisory committee note

6

indicates that good cause exists if the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x 798 (11th Cir. 2013) (citation and internal quotation marks omitted). Therefore, Rule 16(b) "requires consideration of whether the party seeking the amendment was 'diligent.'" *Davidson v. MTD Products Co.*, No. 24-11504, 2025 WL 289477, at *5 (11th Cir. Jan. 24, 2025) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

Good cause exists to amend the scheduling order here. Plaintiff has pursued discovery diligently, but he will be unable to complete fact discovery by June 13, 2025. Plaintiff served his initial discovery and subpoena to ADOC six months ago. *See Moorer v. McCann*, No. 6:23-CV-06040 FPG CDH, 2025 WL 833129, at *2 (W.D.N.Y. Feb. 24, 2025) (discovery served two months before fact discovery deadline considered diligent); *Cf Tubbs v. Cunningham*, No. 1:22-CV-588, 2023 WL 11885209, at *1 (W.D. Mich. Nov. 1, 2023) (good cause for leave to amend did not exist where plaintiff did not serve a subpoena for records from the prison); *Zinnerman v. Worthington Industries, Inc.*, No. CV 17-00123-KD-B, 2018 WL 11236712, at *1-2 (S.D. Ala. Mar. 28, 2018) (Plaintiff was not diligent where Plaintiff's counsel's first attempt to serve *any* discovery was on the day of the amended discovery deadline and then did not file a motion to reopen discovery until a month after the expiration of the amended discovery deadline). Plaintiff filed his

7

motion to compel production to the ADOC Subpoena in good faith and his motion to compel is evidence of his diligence in pursuing his case—not his lack thereof. Plaintiff should not be forced to forego the ability to prosecute his case because he sought court intervention to prevent a payment he did not believe was required by the Federal Rules of Civil Procedure or other law.

While Plaintiff hopes to receive ADOC's document production in short order now that the motion to compel is resolved, Plaintiff has not yet received the vast majority of responsive documents it sought by subpoena.[2]  These documents are necessary to prosecute his case.  For example, Plaintiff has alleged, based on information and belief, that the Supervisory Defendants (Defendants Dunn, Givens, Morgan, and Smith) failed to issue protocols for managing Donaldson as an understaffed and overcrowded prison, resulting in ad hoc operation of the prison that posed a serious risk of harm to Mr. Johnson and other prisoners.  Plaintiff will not be able to prove that no protocols were issued if Plaintiff remains unaware of what protocols existed at Donaldson.  To the extent the Supervisory Defendants may assert they did issue protocols to address the understaffing and overcrowding issue, Plaintiff will be unable to probe the basis for that assertion at deposition without those protocols.

---

[2] Plaintiff's counsel has already been in contact with ADOC's counsel multiple times regarding payment of the ADOC production, and Plaintiff's counsel understands ADOC has agreed to provide its first production immediately upon receipt of payment.

297990217.3

## **CONCLUSION**

This Court should grant Plaintiff's motion and extend all case deadlines by four months.

Dated:        May 15, 2025               BY**:** */s/ Jamila S. Mensah*

*Counsel of Record for Plaintiff*

BY**:** /s/ *M. Wesley Smithart*

*Local Counsel for Plaintiff*

**Norton Rose Fulbright US LLP**
*Jamila S. Mensah (admitted pro hac vice)
Kelly A. Potter (admitted pro hac vice)
Gary. Y. Gould (admitted pro hac vice)
1550 Lamar Street, Suite 2000
Houston, Texas 77010
T: 312-243-5900
F: 312-243-5902
E:jamila.mensah@nortonrosefulbright.com
*Counsel of Record

**LIGHTFOOT, FRANKLIN & WHITE, LLC**
Lana A. Olson
M. Wesley Smithart
The Clark Building
400th Street North
Birmingham, Alabama 35203
205-581-1529 Phone
025-581-0799 Fax
*lolson@lightfootlaw.com*
*wsmithart@lightfootlaw.com*

**Dagney Johnson Law Group**

9

Anil A. Mujumdar (ASB-2004-L65M)
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35205
T: 205-590-6986
F: 205-809-7899
E: anil@dagneylaw.com

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record in

accordance with the Federal Rules of Civil Procedure on May 15, 2025.

*/s/ Jamila Mensah*
Jamilah Mensah

10