# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANKIE JOHNSON, § § § Plaintiff, § § v. § § JEFFERSON S. DUNN, et al., § § Defendants. § § § § | Case No.: 2:21-cv-1701-AMM |

## PLAINTIFF FRANKIE JOHNSON'S RESPONSE TO DEFENDANT DUNN'S MOTION FOR LEAVE TO DEPOSE INCARCERATED PERSONS

Plaintiff Frankie Johnson ("Plaintiff" or "Mr. Johnson") files this Response to Defendant Jefferson Dunn's ("Defendant" or "Mr. Dunn") Motion for Leave to Depose Incarcerated Persons. Mr. Johnson respectfully requests the Court deny Defendant's motion and shows as follows:

1. Plaintiff opposes the request to depose Mr. Johnson the week of June 3 because Plaintiff's counsel cannot adequately prepare to present Mr. Johnson in that time frame. As discussed below, Defendant has cited ***no legitimate authority*** to support his proposition that ordering a deposition before an anticipated document production is appropriate. Instead, Defendant appears to have wholly invented case citations in his Motion for Leave, possibly through the use of generative artificial intelligence.

298087216.2

2. To be clear, Plaintiff is not opposed to presenting Mr. Johnson for deposition in this litigation. However, for the reasons discussed in his motion to extend deadlines (Doc. 185), Mr. Johnson has not had a fair opportunity to obtain the information necessary to prosecute his case.

*3.* The thrust of Defendant's argument is his assertion that "[t]he Eleventh Circuit and district courts routinely authorize incarcerated depositions when proper notice is given and the deposition is relevant to claims or defenses, notwithstanding other discovery disputes." Doc. 174 at ¶ 5. Defendant bolstered this assertion with a lengthy string citation of legal authority and parentheticals that appeared to support Defendant's proposition. ***But the entire string citation appears to have been made up out of whole cloth.***

4. First, Defendant states that "*United States v. Baker*, 539 F. App'x 937, 943 (11th Cir 2013)" "confirm[s] broad discovery rights under Rules 26 and 30." Doc. 174 at ¶ 5. While *United States v. Baker*, **<u>529</u>** Fed. Appx. **<u>987</u>** (11th Cir. 2013) is an actual case, it is an appeal challenging a criminal's sentencing enhancement. The case makes no mention of discovery, much less of Rule 26 or Rule 30. The actual case found at **<u>539</u>** F. App'x **<u>937</u>** is styled *Williams v. Morahan*, and it likewise does not discuss discovery. *See Williams v. Morahan*, 539 F. App'x 937 (11th Cir 2013). The pincite of page 943 in Defendant's citation does not exist.

5. Next, Defendant includes a case purportedly out of the Northern

District of Alabama, "*Kelley v. City of Birmingham*, 2021 WL 1118031, at *2 (N.D. Ala. Mar. 24, 2021)," for the proposition that the court "refus[ed] to delay deposition based on unrelated discovery issues." Doc. 174 at ¶ 5. But the sole existing case styled as *Kelley v. City of Birmingham* that Plaintiff's counsel could identify was decided by the Alabama Court of Appeals in 1939 regarding the resolution of a speeding ticket. *Kelley v. City of Birmingham*, 28 Ala. App. 644, 189 So. 921 (Ala. Ct. App. 1939). The Westlaw number included in the "citation" directs a Westlaw user[1] to a law journal article titled "How Competition Ideals Are Emasculated in Key Industries in China, and Pathways to Reform." *See* Dermot Cahill, Jing Wang, *How Competition Ideals Are Emasculated in Key Industries in China and Pathways to Reform*, 44 Fordham Intl. L.J. 609 (2021).

6. The third fabricated citation and parenthetical is "*Greer v. Warden, FCC Coleman I*, 2020 WL 3060362, at *2 (M.D. Fla. June 9, 2020) (rejecting inmate's request to delay deposition until additional discovery was completed)." Doc. 174 at ¶ 5. Again, this case does not exist. The only case with a similar caption—*Greer v. Warden, FCC Coleman - USP I*, No. 5:24-CV-233-KKM-PRL, 2024 WL 4710532, (M.D. Fla. Oct. 11, 2024)—does not stand for Defendant's proposition and instead is a one-sentence affirmance of a motion to dismiss an inmate's petition for writ of

---

[1] *See* https://1.next.westlaw.com/Document/If43d404f8d0111ebbea4f0dc9fb69570/View/FullText.html?transitionType=UniqueDocItem&contextData=(sc.UserEnteredCitation)&userEnteredCitation=2021+WL+1118031 (last accessed May 15, 2025).

3

habeas corpus for lack of jurisdiction.[2]

7. In the final fabricated citation, Defendant cites "*Wilson v. Jackson*, 2006 WL 8438651, at *2 (N.D. Ala. Feb. 27, 2006)," for the proposition that the court "grant[ed] Rule 30(a)(2)(B) motion and f[ound] no good cause to delay deposition of incarcerated plaintiff." Doc. 174 at ¶ 5. No such case-styled *Wilson v. Jackson* exists in the Northern District of Alabama, to Plaintiff's counsel's knowledge. 2006 WL 8438651 directs to *Douglas v. Ingram Barge Co.*, No. CV 3:04-0383, 2006 WL 8438651 (S.D.W. Va. Sept. 15, 2006) on Westlaw—an opinion in a maritime personal injury matter that does not discuss discovery.

8. Plaintiff's counsel further discovered that Defendant's practice of using fake case law and presenting nonexistent holdings as authority extends beyond Defendant's Motion for Leave. As one example identified so far, in Defendant's Opposed Motion to Compel, Defendant cites to *Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479, 2006 WL 3343787, at *4 (M.D. Fla. Nov. 17, 2006) to support the statement that, "General objections are not useful and will not be considered by the Court. Objections should be specific and supported by a detailed explanation." Doc. 182 at 13. However, while Plaintiff's counsel found a string of similarly named opinions, none of them stood for the proposition Defendant represented, and Plaintiff's counsel could not identify any case using the citation Defendant

---

[2] Plaintiff's counsel received an error message when entering the Westlaw citation into Westlaw.

298087216.2

provided.³ Moreover, the *Williams* docket indicates that a jury verdict was rendered on October 13, 2006—almost a month before the purported date of decision of the case cited by Defendant. *See* Verdict Form, *Williams v. Asplundh Tree Expert Co.*, No. 3:05CV079J33MCR (M.D. Fla. Oct. 13 2006), Doc. 104.

9. Defendant's complete fabrication of case law is suggestive of an abuse of the utilization of generative artificial intelligence and should be taken very seriously by this Court. As one district court articulated, "the use of artificial intelligence must be accompanied by the application of actual intelligence in its execution." *Norman v. Beaumont Independent School District et al*, Docket No. 1:24-cv-00007 (E.D. Tex. Jan 07, 2024), Doc. 39, Order Issuing Sanctions (internal quotations omitted). Simply put, Defense counsel failed to substantiate—with ***any*** legitimate case law—that Defendant should be granted leave to depose Mr. Johnson on June 3, 2025.

10. If the case deadlines are extended to allow resolution of the outstanding

---

³ *See Williams v. Asplundh Tree Expert Co.*, No. 3:05-CV-479-J-20MCR, 2006 WL 8439169 (M.D. Fla. Jan. 9, 2006) (ruling on objections to discovery based on overbreadth, irrelevance, and undue burden); *Williams v. Asplundh Tree Expert* Co., No. 3:05-CV-479-J-20MCR, 2006 WL 8439170 (M.D. Fla. Jan. 17, 2006) (compelling medical exam under Rule 35); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 1793551 (M.D. Fla. June 28, 2006) (ruling on defendant's motion to strike plaintiff's in response to defendant's motion for summary judgment); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2131299 (M.D. Fla. July 28, 2006) (denying plaintiff's motion for summary judgment); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2474042 (M.D. Fla. Aug. 25, 2006) (denying motion to strike affirmative defense); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2598758 (M.D. Fla. Sept. 11, 2006) (denying motion to quash and motion for protective order); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2942796 (M.D. Fla. Oct. 9, 2006) (ruling on motion in limine in which plaintiff sought exclusion of evidence).

document discovery, counsel for Plaintiff is happy to meet and confer with counsel for Defendant to find a mutually agreeable time to present Mr. Johnson.

11.  Even if the case deadlines are not extended as Plaintiff has requested, Plaintiff respectfully requests, for efficiency purposes, that his deposition be postponed until after substantial completion of ADOC's document production. For example, ADOC has not yet produced Plaintiff's inmate file to Plaintiff, although ADOC has agreed to do so. *See* Doc. 169-11 (Request No. 17).[4] Presumably (although it is unclear to Plaintiff based on ADOC's free sharing of documents with Defendants), Mr. Dunn's counsel has not received Mr. Johnson's file either. This document likely contains highly relevant information. If ADOC does not produce that document by June 3 (the noticed deposition date), Defendant may later seek to force Mr. Johnson to sit for deposition a second time on the basis of the newly-produced evidence.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion should be denied.

---

[4] Plaintiff's counsel has already been in contact with ADOC's counsel multiple times regarding payment of the ADOC production, and we expect to receive ADOC's first production in short order.

| | |
|---|---|
| Dated: May 15, 2025 | BY: */s/ Jamila S. Mensah*<br>*Counsel of Record for Plaintiff*<br><br>BY: */s/ M. Wesley Smithart*<br>*Local Counsel for Plaintiff*<br><br>**Norton Rose Fulbright US LLP**<br>*Jamila S. Mensah (admitted pro hac vice)<br>Kelly A. Potter (admitted pro hac vice)<br>Gary. Y. Gould (admitted pro hac vice)<br>1550 Lamar Street, Suite 2000<br>Houston, Texas 77010<br>T: 312-243-5900<br>F: 312-243-5902<br>E:jamila.mensah@nortonrosefulbright.com<br>*Counsel of Record<br><br>**LIGHTFOOT, FRANKLIN & WHITE, LLC**<br>Lana A. Olson<br>M. Wesley Smithart<br>The Clark Building<br>400th Street North<br>Birmingham, Alabama 35203<br>205-581-1529 Phone<br>025-581-0799 Fax<br>*lolson@lightfootlaw.com*<br>*wsmithart@lightfootlaw.com*<br><br>**Dagney Johnson Law Group**<br>Anil A. Mujumdar (ASB-2004-L65M)<br>2170 Highland Avenue, Suite 250<br>Birmingham, Alabama 35205<br>T: 205-590-6986<br>F: 205-809-7899<br>E: anil@dagneylaw.com<br><br>*Attorneys for the Plaintiff* |

7

298087216.2

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on May 15, 2025.

*/s/ Jamila Mensah*
Jamilah Mensah

298087216.2

298087216.2