FILED

2025 May-19  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANKIE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 2:21-CV-01701-AMM** |
| **v.** | ) | |
| | ) | |
| **JEFFERSON DUNN**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF MATTHEW B. REEVES

I, Matthew B. Reeves, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney duly admitted to practice before the Alabama State Bar and this Court.  I am one of the attorneys of record for Jefferson Dunn in the above-captioned matter.

2.      I submit this declaration in response to the Court's Order to Show Cause entered on May 16, 2025 (Doc. 187, the "Order"), regarding the citation of legal authorities in Dunn's Motion for Leave to Depose Incarcerated Persons (Doc. 174, the "Motion for Leave") and in Dunn's Opposed Motion to Compel (Doc. 182, the "Motion to Compel").

3.      I reviewed and revised the draft Motion for Leave and Motion to Compel before they were filed.  I am responsible for revising Paragraph 2 of the Motion for Leave and Page 13 of the Motion to Compel, including the legal

authorities cited therein. In both instances, when I reviewed our draft motions immediately before they were filed, I realized each motion relied on what I believed to be well-established points of law that lacked case citations.

4.      I knew generally about ChatGPT. I performed a search to identify supporting case law for the proposition that discovery may proceed even during the pendency of other discovery issues, as to the Motion for Leave, and that general or boilerplate objections are not effective, as to the Motion to Compel. (Doc. 174 at 2; Doc. 182 at 13). My search immediately identified purportedly applicable citations for those points of law.

5.      In my haste to finalize the motions and get them filed, I failed to verify the case citations returned by ChatGPT through independent review in Westlaw or PACER before including them in the Motion for Leave and Motion to Compel. I have now confirmed that the citations in the string cite on Paragraph 2 of the Motion for Leave after the citation to Rule 30(a)(2)(B) are inaccurate or do not exist. Additionally, as to the string citations on Page 13 of the Motion to Compel, Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479, 2006 WL 3343787, at *4 (M.D. Fla. Nov. 17, 2006) and its parenthetical are inaccurate and fail to support the proposition. Moreover, while Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007) addresses nonspecific objections to vagueness, overbreadth, and burdensomeness, it does not necessarily specifically support the proposition made

in the Motion to Compel, and the parenthetical after the <u>Milinazzo</u> citation is incorrect.

6.      I sincerely regret this lapse in diligence and judgment.  I take full responsibility.  I did not intend to mislead the Court or opposing counsel.  I relied on the AI-generated output without confirming that the citations were valid and applicable.  That was a serious error in judgment, and contrary to the requirements of Butler Snow LLP and my obligations to this Court.  I apologize to the Court, the parties, and all counsel.

7.      I respectfully request the opportunity to correct the record with accurate authorities that support the proposition asserted in Paragraph 2 of the Motion for Leave.

8.      I take the Court's concerns extremely seriously.  From this point forward, I will take whatever time necessary to ensure a thorough review of all filings for citation accuracy and reliability.  I will never cite to legal authority without verifying its accuracy (with or without artificial intelligence), as has been my practice prior to these events.

9.      I submit this declaration in good faith and with the utmost respect for the Court's rules, its authority, and its trust.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated May 19, 2025

_____
Matthew B. Reeves