FILED

2025 May-19  PM 02:08

U.S. DISTRICT COURT

N.D. OF ALABAMA

# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANKIE JOHNSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:21-CV-1701-AMM** |
| | ) | |
| **JEFFERSON DUNN,** *et al.*, | ) | |
| **Defendants.** | ) | |

## <u>DECLARATION OF WILLIAM J. CRANFORD III</u>

I, William J. Cranford, III, pursuant to 28 U.S.C. § 1746, hereby make the following Declaration under penalty of perjury, declare that the statements made below are true, and state as follows:

1. I am an attorney admitted to practice in the State of Alabama and am currently in good standing in this jurisdiction.

2. I hold a counsel position with the law firm Butler Snow LLP and represent Defendant Jefferson Dunn ("<u>Dunn</u>") in the above-referenced action.

3. On May 16, 2025, the Court ordered that counsel "submit sworn declarations that provide a thorough explanation for how the motion and allegedly fabricated cases were generated, and their role in drafting or supervising the motion." (Doc. 187 at 2). Thus, I submit this Declaration in response to this Court's Order.

4. I drafted the initial version of Dunn's Motion for Leave to Depose Incarcerated Persons (Doc. 174, the "<u>Motion for Leave</u>").

5.      Upon completion of the initial draft, I submitted the draft Motion for Leave for review to my direct supervisors, Matt Reeves, and Bill Lunsford.  I also copied Daniel Chism.

6.      On May 7, 2025, Matt Reeves returned revisions to the draft Motion for Leave to me.  The revisions included the string citation at issue in Plaintiff's Response to the Motion for Leave (Doc. 186 at 2-4) in paragraph two of the Motion for Leave.  (Doc. 174 at 1-2).

7.      Upon receipt of the revisions, I reviewed them for grammatical and typographical issues, but did not conduct an independent review of the legal authorities added.  I incorporated the above-referenced revisions into a final draft of the Motion for Leave for filing with the Court.

8.      Upon approval from Matt Reeves, I electronically signed and filed the Motion for Leave on May 7, 2025.

9.      I lack any additional independent knowledge as to the source of the citations in paragraph two of the Motion for Leave or how those citations were "generated."  Additionally, I possessed no knowledge that Matt Reeves utilized generative artificial intelligence to generate these citations when I filed the Motion.

10.     Plaintiff also references in his Response in Opposition to Dunn's Motion for Leave to Depose Incarcerated Persons a citation from Dunn's Motion to Compel (Doc. 182 the "Motion to Compel").  (Doc. 186 at 4-5).

11.     The citation appears on page thirteen of Dunn's Motion to Compel and cites <u>Williams v. Asplundh Tree Expert Co.</u>, No. 3:05-cv-479, 2006 WL 3343787, at \*4 (M.D. Fla. Nov. 17, 2006) and includes the parenthetical ("General objections are not useful and will not be considered by the Court. Objections should be specific and supported by a detailed explanation.").

12.     I drafted the initial version of the Motion to Compel.

13.     On May 10, 2025, I submitted the draft Motion to Compel for review to my direct supervisors, Matt Reeves, and Bill Lunsford, and copied Daniel Chism.

14.     On May 11, 2025, Matt Reeves returned revisions to the draft Motion to Compel to me. The revisions included the block citations located on page thirteen of the Motion to Compel, including the <u>Williams</u> citation.

15.     The initial draft of the Motion to Compel I submitted for review included citations to <u>Panola Land Buyers Assn'n v. Shuman</u>, 762 F.2d 1550 (11th Circuit 1985), <u>Boler v. Bank of Am., N.A.</u>, No:2:17-cv-00303, 2018 WL 7142093, at \*1 (N.D. Ala. Oct. 1, 2018), and <u>Moore v. Metro. Life Ins. Co.</u>, No. 2:11-cv-00170, WL 2559627, at \*2 (M.D. Ala. June 27, 2011) in a different section of the Motion to Compel. These citations remain accurate.

16.     However, from a review of my initial draft of the Motion to Compel and the revised draft I received from Matt Reeves, I understand Matt Reeves added the block citation located at page thirteen of the Motion to Compel.

17.     On May 11, 2025, after receiving the revisions, I reviewed them for grammatical and typographical issues. I did not conduct an independent review of the legal authorities added. I incorporated the above-referenced revisions into a final draft of the Motion to Compel.

18.     I submitted the revised Motion to Compel to Matt Reeves and Bill Lunsford for final approval on May 11, 2025, and received no further revisions.

19.     Upon approval, I electronically signed and filed the Motion to Compel on May 12, 2025.

20.     I lack any additional knowledge as to the source of the citations located in the block cite, including the Williams citation on page thirteen of the Motion to Compel or how those citations were "generated." Additionally, at the time of filing, I lacked any knowledge that Matt Reeves utilized generative artificial intelligence to generate these citations.

21.     Lastly, in response to the Court's Supplemental Show Cause Order (Doc. 193) entered May 19, 2025, when I drafted the initial Motion to Compel, I erroneously included Lynette Potter in the signature block of the Motion to Compel for the Butler Snow attorneys of record in this case. Ms. Potter did not draft, revise, or review the Motion for Leave or the Motion to Compel. I did not include Ms. Potter on any email correspondence related to the drafting, revision, or review of the Motion for Leave or Motion to Compel. Additionally, Ms. Potter did not participate

in any way in the filing of either the Motion for Leave or the Motion to Compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated May 19, 2025

William J. Cranford, III