IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANKIE JOHNSON,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:21-CV-01701-AMM |
| **JEFFERSON DUNN**, *et al.,* | ) |
| Defendants. | ) |

## BUTLER SNOW LLP'S RESPONSE TO ORDER TO SHOW CAUSE

Butler Snow LLP submits this Response to the Court's Order to Show Cause (Doc. 187), along with the attached Declaration of Benjamin M. Watson. Counsel of record is submitting a separate Response and individual Declarations.

What happened here is unacceptable. Tempted by the convenience of artificial intelligence, counsel improperly used generative AI to supplement two motions and did not verify the citations that AI provided. Those citations turned out to be "hallucinations" by the AI system. Although done without intent to mislead the Court or counsel opposite, counsel do not defend or condone this complete lapse in judgment. They apologize—both for failing to uphold their own standards and for wasting counsel opposite's and this Court's time and resources. Butler Snow joins in counsels' apology to the Court, parties and all counsel, and respectfully requests

1

if the Court decides in its discretion to impose sanctions, that any sanctions be proportionate to the wrong and commensurate with each attorney's role in these events. Butler Snow also requests that its client not be sanctioned, and for counsel to have the opportunity to file an amended motion with correct citations.

## STATEMENT OF FACTS

There are no excuses for counsel's behavior, only explanations. As set forth in the separately filed declarations of Matthew B. Reeves; William J. Cranford; William R. Lunsford; and Daniel J. Chism, the attorneys of record in this case; and Benjamin M. Watson, on behalf of Butler Snow LLP, here is what happened:

1. Counsel for Defendants William J. Cranford prepared the initial draft of Defendant's Motion for Leave to Depose Incarcerated Persons (Doc. 174) (the "Motion for Leave"). *See* Cranford Decl. ¶ 4. Mr. Cranford holds a counsel position at Butler Snow. *Id.* ¶ 2.

2. Mr. Cranford sent a draft of the Motion for Leave to his co-counsel Matthew B. Reeves. *See id.* ¶ 5.

3. Mr. Reeves is a partner at Butler Snow and is assistant practice group leader for the firm's Constitutional and Civil Rights Litigation group, serving in a supervisory role over Mr. Cranford. Lunsford Decl. ¶ 3.

4. In revising Paragraph 2 of the Motion for Leave, Mr. Reeves used ChatGPT to obtain legal authority to support what Mr. Reeves already understood

to be a well-established legal proposition. Reeves Decl. at ¶ 3. Mr. Reeves added the false legal authorities provided by ChatGPT in Paragraph 2 of the Motion for Leave. *Id.* at ¶¶ 2–4. Mr. Reeves inserted the ChatGPT citations into the brief without verifying their accuracy. *Id.* at ¶ 5.

5. Mr. Reeves agrees with Plaintiff that these citations were "hallucinated" by ChatGPT in that they either do not exist and/or do not stand for the proposition for which they are cited. *Id.*

6. Mr. Reeves did not know the citations were false and did not intend to mislead the Court or opposing counsel but concedes he did not verify the citations. *Id.* at ¶ 6.

7. Mr. Reeves provided the draft Motion for Leave to Mr. Cranford, who put the draft into final form and filed it without knowledge that the citations inserted by Mr. Reeves were false. *See* Cranford Decl. ¶¶ 6–8. Mr. Cranford likewise had no knowledge that Mr. Reeves had used ChatGPT, or any other artificial intelligence tool, to conduct legal research. *See* Cranford Decl. ¶ 9.

8. Attorneys William R. Lunsford and Daniel J. Chism appear on the Motion for Leave as co-counsel for Defendants but did not have any involvement in the preparation or submission of the Motion for Leave. Lunsford Decl. ¶ 9; Chism Decl. ¶ 4–5.

9. Mr. Lunsford is the practice group leader for Butler Snow's Constitutional and Civil Rights Litigation group and is a partner at the firm. Lunsford Decl. ¶ 3. Mr. Chism is an associate. Chism Decl. at ¶ 2.

10. A similar process occurred with respect to Dunn's Opposed Motion to Compel, Doc. 182, also referenced in Plaintiffs' Response (Doc 186, pp. 4–5). Mr. Cranford prepared the initial draft; Mr. Reeves reviewed and inserted a false citation provided by ChatGPT; and Mr. Cranford filed it without knowledge of the false citation or of Mr. Reeves's use of ChatGPT. *See* Cranford Decl. ¶¶ 12–20.

11. In addition, as to the Motion to Compel, Doc. 182, Mr. Cranford erroneously included attorney Lynette Potter on the signature block. *See* Cranford Decl. ¶ 21. Ms. Potter has not filed an entry of appearance in this matter and had no involvement in these events whatsoever. *See id.*

12. Since 2023, Butler Snow has cautioned all attorneys about the risks of large language models (which includes ChatGPT) as a research tool and reinforced the need to verify the accuracy of every citation. *See* Watson Decl. ¶ 7–8. The firm has an Artificial Intelligence Committee which is currently drafting a new comprehensive artificial intelligence policy. *Id.* at ¶ 9.

13. Following receipt of the Court's Show Cause Order, the firm sent an additional reminder to all Butler Snow attorneys about their ethical and professional duties to verify the accuracy of all citations or other authority presented to any court.

*Id.* at ¶ 11. In addition, Butler Snow will also hold extensive new training for the entire firm regarding the appropriate and inappropriate uses of artificial intelligence in legal representation. *Id.* at ¶ 12. Further details regarding that training, along with a new pre-filing protocol to be implemented regarding any document that incorporates citations to legal authority, are set forth in the Watson Decl. at ¶¶ 10–13.

## ANALYSIS

Butler Snow does not dispute that it is within the Court's discretion to sanction counsel's conduct under Rule 11. Rule 11(c)(4) provides that a sanction ordered under the rule:

> must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). A law firm must be held jointly responsible for a violation committed by its partner, associate, or employee, absent exceptional circumstances. *See* Fed. R. Civ. P. 11(c)(1).

Butler Snow is embarrassed by what happened here, which was against good judgment and firm policy. There is no excuse for using ChatGPT to obtain legal authority and failing to verify the sources it provided, even if to support well-

5

founded principles of law, and counsel's lapse has already been subject to media coverage. Butler Snow will do everything it can to ensure that this never happens again, including implementing new training and protocols. *See* Watson Decl. ¶¶ 10–13.

Nevertheless, if the Court in its discretion determines that sanctions are appropriate, Butler Snow respectfully requests that any sanctions be commensurate with the role of each individual in the events outlined above. What happened here is inexcusable, and Butler Snow sincerely apologize to all parties, Mr. Johnson's lawyers, and to the Court for this error.

Finally, Butler Snow requests that its client—which had no involvement in or knowledge of these events—be exempt from any sanction. *Cf. Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1315 (11th Cir. 2021) (holding sanctions against client proper "where the client has made a 'knowing factual misrepresentation' or is the 'mastermind' behind the frivolous case, sanctions against a client are appropriate."). Accordingly, so as to not prejudice its client, Butler Snow requests the opportunity for counsel to file amended briefs to correct the false citations.

## CONCLUSION

Butler Snow is ultimately responsible for the acts of its attorneys and expects its attorneys to adhere to all ethical standards and requirements. Butler Snow apologizes for the lapse in judgment that occurred here and is taking steps to ensure

that such mistakes will not happen again. Butler Snow stands ready to provide transparent answers to any questions the Court has on Wednesday.

Respectfully submitted this 19th day of May, 2025.

/s/ A. David Fawal
David Fawal [ASB-4593-W82A]
David.Fawal@butlersnow.com

**OF COUNSEL:**
BUTLER SNOW LLP
1819 5th Avenue N, Suite 1000
Birmingham, Alabama 36104
Telephone: (205) 297-2200
Facsimile: (205) 297-220

Attorney for Butler Snow LLP

/s/ Michael B Beers
Michael B. Beers [ASB-4992-S80M]
mike.beers@butlersnow.com

**OF COUNSEL:**
BUTLER SNOW LLP
250 Commerce Street, Suite 100
Montgomery, Alabama 36104
Telephone: (334) 832-2905
Facsimile: (334) 832-2901

Attorney for Butler Snow LLP

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system and/or U.S. Mail on this 19th day of May, 2025:

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2120 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 410-1185
Facsimile: (205) 419-9701
anil@dagneylaw.com

Gary Y. Gould
Jamila S. Mensah *(pro hac vice)*
Kelly Potter *(pro hac vice)*
**NORTON ROSE FULBRIGHT US, LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gary.gould@nortonrosefulbright.com
jamila.mensah@nortonrosefulbright.com
kelly.potter@nortonrosefulbright.com

Lana A. Olson
M. Wesley Smithart
**LIGHTFOOT, FRANKLIN, & WHITE, LLC**
The Clark Building
400th Street North
Birmingham, AL 35203
Telephone: (205) 581-1529
Facsimile: (205) 581-0799
lolson@lightfootlaw.com
wsmithart@lightfootlaw.com

*Attorneys for Plaintiffs*

Tara S. Hetzel
Vania Latitia Hosea
**ALABAMA OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7997
Facsimile: (334) 353-8440
tara.hetzel@alabamaag.gov
vania.hosea@alabamaag.gov

*Attorneys for Givens, Morgan, Smith, Rambo, Matthews, Cook, Stevenson, and Hugh*

Terri O. Tompkins
Christian A. Montgomery
Rosen Harwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
Facsimile: (205) 758-8358
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

*Attorneys for Deaundra Johnson*

/s/*A. David Fawal*
   A. David Fawal

93751168.v1