IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANKIE JOHNSON,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:21-CV-01701-AMM |
| **JEFFERSON DUNN**, *et al.*, | ) |
| Defendants. | ) |

## BUTLER SNOW LLP'S SUPPLEMENTAL RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Butler Snow LLP submits this supplemental response to the Court's Order to Show Cause (Doc. 187) to provide the Court with an update regarding its investigation into the use of generative AI by counsel of record in this case. *See* Doc. 199.

Since the Court's Show Cause hearing on May 21, 2025, Butler Snow has undertaken an extensive review of all filings in all Alabama federal courts and the Eleventh Circuit Court of Appeals on or after April 1, 2023,[1] where counsel of record from this case, and also Lynette Potter, appeared on any filing. *See* Ex. 1, Declaration of Benjamin M. Watson. In each docket, Butler Snow's team pulled all filings and reviewed all citations to determine if there were any apparent AI-generated

---

[1] April 1, 2023, is the date counsel of record here joined Butler Snow.

1

"hallucinations," i.e., a false citation where a) the cited source does not exist, or b) the legal proposition appeared to have been invented by artificial intelligence (as distinguished from likely human error). *Id.* at ¶ 3. In total, the Butler Snow team reviewed 52 Alabama federal court dockets; of those, 40 dockets contained substantive citations for review. *See id.* Butler Snow attorneys examined every citation in those 40 dockets and did not find any additional apparent AI-generated "hallucinations." *See id.*

In addition to its review, Butler Snow also engaged an outside law firm, Morgan, Lewis & Bockius LLP ("Morgan Lewis"), to independently conduct its own review[2] using its own independent protocols. *Id.* at ¶ 4. Morgan Lewis used a team including 28 attorneys to verify all citations in those same 40 dockets in Alabama federal courts and the Eleventh Circuit Court of Appeals. *See* Ex. 2, Declaration of Scott A. Milner, ¶¶ 13–18. In all, Morgan Lewis reviewed more than 2,400 separate legal citations across 330 filings. *See id.* at ¶ 35. Morgan Lewis did not find any instance where a legal citation was fabricated or where the citations were comparable to what prompted the Show Cause Orders, i.e., a citation to a

---

[2] Butler Snow has engaged Morgan Lewis at its own cost and expense. The State of Alabama will incur no expense or charge of any kind generated or incurred by the firm in connection with the erroneous filings, the proceedings related to those filings, or the remedial actions taken by the firm to respond to this matter, including the fees paid to Morgan Lewis.

source that was legitimate but did not stand for the proposition for which it was cited. *See id.* at ¶ 36. No additional apparent AI-generated "hallucination" was uncovered.

Counsel of record in this case submit with this filing declarations stating that they have never used any publicly accessible, generative artificial intelligence chatbot, such as OpenAI's ChatGPT, to generate legal or other authority citations for submission to any court (except, with respect to the Declaration of Matthew B. Reeves, in the instances already known to the Court and subject to the Order to Show Cause). *See* Exs. 3-7, Declarations of William R. Lunsford; Matthew B. Reeves; William J. Cranford, III; Daniel Chism; and Lynette Potter.[3]

In sum, the results of these investigations, coupled with the declarations of counsel, indicate that this was an isolated event. The two instances subject to the Order to Show Cause appear to be the only instances of AI-generated hallucinations submitted by counsel of record to this or any other Alabama federal court. Butler Snow says this not to minimize what has taken place in this case, but to provide assurance to the Court. As demonstrated in Butler Snow's original filing, and at the show cause hearing, this was not a situation where Butler Snow did not have procedures or policies in place warning its attorneys of the dangers of AI. Instead, here, despite Butler Snow's policies and procedures, a single attorney failed to

---

[3] Lynette Potter is not counsel of record here but has nonetheless submitted a declaration.

follow those policies and procedures and used unverified AI on the two filings in question.

In addition to reviewing what has happened in the past, Butler Snow has taken and is taking affirmative steps to ensure that this will not happen again in the future. The firm has begun the process of implementing the revised policies and procedures previously described to the Court. *See* Doc. 195-1. In addition, Matthew B. Reeves is, in conjunction with Plaintiff's counsel and law school professor Anil Mujumdar, engaging in efforts to educate law students regarding the risks and repercussions of the use of AI in legal practice to help deter such conduct by others. *See* Reeves Decl., Ex. 4.

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Rubenstein v. Bauman*, No. 1:07CV798-MHT, 2008 WL 4277958, at *1 n.1 (M.D. Ala. Sept. 18, 2008) (citation omitted).

Butler Snow again sincerely apologizes to the Court, all parties, and counsel of record for what has taken place here. However, it notes, as the Court too observed, that the motions in question were not the types of motions that required extensive legal citations. *See* Doc. 200, Tr. at 31:23-32:2. And, as shown by the corrected

4

briefs, the legal propositions stated were not erroneous. *See* Docs. 201, 202. Given the magnitude of the harm, the isolated nature of the harm, the significant publicity given to these events,[4] and the remediation efforts undertaken by Butler Snow and attorney Reeves, Butler Snow respectfully requests that the Court limit any sanctions it may impose to a modest sanction upon it and to the exclusion of the affected clients in this litigation.[5]

---

[4] *See, e.g.*, THE GUARDIAN, *Alabama paid a law firm millions to defend its prisons. It used AI and turned in fake citations*, https://www.theguardian.com/us-news/2025/may/24/alabama-prison-lawyers-chatgpt-butler-snow (last accessed May 28, 2025); ABA JOURNAL, *AI-hallucinated cases end up in more court filings, and Butler Snow issues apology for 'inexcusable' lapse*, https://www.abajournal.com/news/article/ai-hallucinated-cases-end-up-in-more-legal-documents-and-butler-snow-issues-apology-for-inexcusable-lapse (last accessed May 28, 2025); REUTERS, *Trouble with AI 'hallucinations' spreads to big law firms*, https://www.reuters.com/legal/government/trouble-with-ai-hallucinations-spreads-big-law-firms-2025-05-23/ (last accessed May 28, 2025); REASON, *AI-Hallucinated Citation Case Involving Prominent Alabama Firm (with Over 350 Lawyers Nationwide)*, https://reason.com/volokh/2025/05/21/ai-hallucinated-citation-case-involving-prominent-alabama-firm-with-over-350-lawyers-nationwide/ (last accessed May 28, 2025); ABC NEWS, *Judge considers sanctions against attorneys in prison case for using AI in court filings* https://abcnews.go.com/Technology/wireStory/judge-considers-sanctions-attorneys-prison-case-ai-court-122056012 (last accessed May 28, 2025).

[5] *See, e.g.*, *Benjamin v. Costco Wholesale Corp.*, No. 2:24-CV-7399 (LGD), 2025 WL 1195925, at *6 (E.D.N.Y. Apr. 24, 2025) (observing that "[a]cross the country, courts have issued a panoply of sanctions against attorneys who submitted fake cases. In nearly all cases, courts have imposed monetary sanctions ranging from $1,500 to $15,000.") (citing cases); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 466 (S.D.N.Y. 2023) (considering, in imposition of sanction for citation of false case law provided by ChatGPT, factors including "the significant publicity generated by Respondents' actions").

Respectfully submitted, this 2nd day of June, 2025.

/s/ A. David Fawal
A. David Fawal [ASB-4593-W82A]
david.fawal@butlersnow.com
**OF COUNSEL:**
BUTLER SNOW LLP
1819 5th Avenue N., Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 297-2200
Facsimile: (205) 297-2201
*Attorney for Butler Snow LLP*


/s/ Michael B. Beers
Michael B. Beers [ASB-4992-S80M]
mike.beers@butlersnow.com
**OF COUNSEL:**
BUTLER SNOW LLP
250 Commerce Street, Suite 100
Montgomery, Alabama
Telephone: (334) 832-2905
Facsimile: (334) 832-2901
*Attorney for Butler Snow LLP*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system and/or U.S. Mail on this 2nd day of June, 2025:

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2120 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 410-1185
Facsimile: (205) 419-9701
anil@dagneylaw.com

Gary Y. Gould
Jamila S. Mensah *(pro hac vice)*
Kelly Potter *(pro hac vice)*
**NORTON ROSE FULBRIGHT US, LLP**
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gary.gould@nortonrosefulbright.com
jamila.mensah@nortonrosefulbright.com
kelly.potter@nortonrosefulbright.com

Lana A. Olson
M. Wesley Smithart
**LIGHTFOOT, FRANKLIN, & WHITE, LLC**
The Clark Building
400th Street North
Birmingham, AL 35203
Telephone: (205) 581-1529
Facsimile: (205) 581-0799
lolson@lightfootlaw.com
wsmithart@lightfootlaw.com

*Attorneys for Plaintiffs*

Tara S. Hetzel
Vania Latitia Hosea
**ALABAMA OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7997
Facsimile: (334) 353-8440
tara.hetzel@alabamaag.gov
vania.hosea@alabamaag.gov

*Attorneys for Givens, Morgan, Smith, Rambo, Matthews, Cook, Stevenson, and Hugh*

Terri O. Tompkins
Christian A. Montgomery
Rosen Harwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
Facsimile: (205) 758-8358
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

*Attorneys for Deaundra Johnson*


/s/ *A. David Fawal*
A. David Fawal