Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANKIE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON DUNN, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 2:21-CV-01701-AMM<br>)<br>)<br>) |

### DECLARATION OF SCOTT A. MILNER
### IN SUPPORT OF THE SUPPLEMENTAL RESPONSE
### TO THE ORDER TO SHOW CAUSE BY BUTLER SNOW LLP

I, Scott A. Milner, pursuant to 28 U.S.C. § 1746, declare as follows:

## PROFESSIONAL BACKGROUND

1.  I am a partner at Morgan, Lewis & Bockius LLP. I am the global Practice Group Leader of Morgan Lewis's eData Practice Group and am based in the Philadelphia, Pennsylvania office.

2.  For the past twenty-one (21) years, I have practiced in the area of information governance ("IG") and electronic discovery.

3.  As the global Practice Group Leader in the eData Practice Group, I supervise over 65 professionals engaged in the practice of IG, electronic discovery, and electronic discovery adjacent fields (e.g., privacy, internal investigations, data incident response, DSARs), in state and federal courts across the United States.

4. I am a current member, presenter, and participant in a number of eDiscovery organizations including, but not limited to:

   a. The Sedona Conference Working Group 1 on Best Practices for Electronic Discovery and Records Management and The Sedona Conference Technology Resource Panel (*see* https://thesedonaconference.org/);

   b. Georgetown University Law Center Continuing Legal Education E-Discovery Institute (Advisory Board member; Co-Chair of AEDI 2023 and 2024) (*see* http://www.law.georgetown.edu/continuing-legal-education/programs/cle/ediscovery-institute/);

   c. Legalweek (*see* https://www.event.law.com/legalweek*);*

   d. Electronic Discovery Institute (*see* http://www.ediscoveryinstitute.org/);

   e. International Legal Technology Association (ILTA) (*see* http://www.iltanet.org/);

   f. Corporate Legal Operations Consortium ("CLOC") (*see* https://cloc.org/); and

   g. Legal Data Intelligence (Co-Founder) (*see* https://legaldataintelligence.org/).

5. Over the last twenty-one (21) years, I have taught, lectured, and written extensively in the field of electronic discovery, including presenting several Continuing Legal Educations and training programs.

6. Over the last several years, my practice has extended to the field of artificial intelligence ("AI"). This includes providing legal counseling to clients on development of or use of AI to solve business and legal challenges and development and rollout of AI policies including retention best practices, as well as our practice group's use of AI to solve client's legal challenges in the disputes and transactional practices.

## **PROCEEDINGS**

7. As described in detail below, in connection with the May 16, 2025 Show Cause Order in this action (Dkt.# 187) and subsequent proceedings, including a Supplemental Show Cause Order (Dkt.# 193) and the May 21, 2025 Hearing, Butler Snow LLP ("Butler Snow") engaged Morgan Lewis to conduct a review of all legal citations contained in filings by certain Butler Snow attorneys in federal district courts in Alabama and in the U.S. Court of Appeals for the Eleventh Circuit. That review, now completed, was conducted under my direct supervision by Morgan Lewis attorneys. On that basis, I have personal knowledge of the information described below and am competent to testify regarding the scope, process, and findings of our review.

8. During the May 21, 2025 show cause hearing, the Court identified "five citations that [the Court] [is] aware of that appear to have been generated with artificial intelligence." Dkt.# 200, at 8:16-20.

9. While the Court did not "impos[e] any requirements on [Butler Snow] to evaluate filings that have been made that may suffer from the same issues that have brought us here together today," the Court requested Butler Snow to provide "an understanding of what those efforts are to the extent that [Butler Snow] is inclined to disclose them." *Id.*, at 37:6-10.

## SCOPE OF ASSIGNMENT

10. Butler Snow thereafter retained Morgan Lewis to independently identify relevant filings, identify all legal citations in such filings, and review all such citations in order to identify any instances, beyond those identified in the May 21 hearing, (*see* Dkt.# 200, at 8:16-20), in which either the citation appeared to be fabricated (i.e., the citation source does not exist) or the citation is wholly unrelated to the proposition for which it is cited.

11. For purposes of this engagement, our review encompassed (a) all filings containing legal citations (b) in the United States District Courts for the Northern District of Alabama, the Middle District of Alabama, and Southern District of Alabama, as well as the United States Court of Appeals for the Eleventh Circuit with (c) docket entries made between April 1, 2023 and May 23, 2025, in

4

which (d) Butler Snow Attorney William Richard Lunsford is listed as attorney of record (the "Relevant Dockets").[1]

12. Morgan Lewis was not asked to, and did not otherwise, seek to assess whether any legal citation was the best source for the proposition, nor did it seek to substitute our judgment for the Butler Snow attorneys responsible for the respective pleadings as to how to portray the cited authority.

13. The Morgan Lewis review team was comprised of attorneys from the eData practice group as well as Morgan Lewis's Litigation Practice Group. We were assisted by data analysts, law clerks, and other Morgan Lewis support staff working under my direction. Due to the volume of case citations within the scope of the review (more than 2,400), and the request to complete the review in advance of the June 2, 2025 deadline for a supplemental submission by Butler Snow, our review team included twenty-eight (28) attorneys.

## REVIEW PROCESS AND METHODOLOGY

### Identification of Relevant Dockets

14. We utilized PACER, CourtLink, Bloomberg Law, Westlaw,

---

[1] I understand that Butler Snow independently verified that the other attorneys who were subject to this Court's show cause order had not appeared in any cases with relevant filings between April 1, 2023, and May 23, 2025, without Mr. Lunsford. Thus, identifying the cases where Mr. Lunsford had entered an appearance captured all relevant cases where the other attorneys had entered appearances.

5

DocketAlarm, and Lex Machina to determine the most efficient and accurate way to locate dockets to meet the criteria described above. We initially used Lex Machina as our primary resource because Lex Machina is a platform that offers the necessary search filters to focus on dockets meeting the criteria described above.

15. We confirmed the number of results produced by Lex Machina with PACER to ensure their accuracy.

16. Because Lex Machina does not ingest "Prisoner Petition Natures of Suit (510, 530, 535, 540, 550, 555, 560)," we identified additional dockets from PACER that were not identified by Lex Machina.

17. We separately confirmed these additional dockets through searches on Bloomberg Law across the district courts described above and the Eleventh Circuit.

18. We ultimately identified 40 Relevant Dockets for the next step in the review process.[2]

**Identification of Relevant Pleadings**

19. For each Relevant Docket, we reviewed all docket entries on PACER for filings by Butler Snow on or after April 1, 2023.

---

[2] The search described in paragraphs 14-17 generated 48 total dockets; however, eight of those dockets did not have any relevant filings and were excluded from the next step in the review process. A complete list of dockets identified is attached hereto as **Exhibit A**.

20. Our review extended to all filings with legal citations,[3] not just "dispositive" or "major" motions.

21. After identifying the qualifying filings for each Relevant Docket, we downloaded PDF copies of these filings directly from PACER, and uploaded these copies to RelativityOne ("RelOne"), the review workspace used to store and host the review of Relevant Dockets and record the associated analysis.

22. We also implemented a series of quality control protocols to: (a) make sure that all relevant filings were correctly identified; (b) confirm that dockets that were not identified as having relevant filings actually did not have relevant filings; and (c) verify that all documents downloaded from PACER were uploaded to RelOne.

23. Once all filings were uploaded to RelOne, Morgan Lewis then initiated, as described below, its first level ("1L"), second level ("2L"), and third level ("3L") reviews.

**Review of Citations in Relevant Pleadings**

24. 1L reviewers reviewed each filing uploaded to RelOne. In this process, the attorney reviewed the entire filing to verify that it included at least one

---

[3] "Citations" for these purposes includes cases, federal procedural rules, statutes, regulations and secondary sources of authority (e.g., law treatises, law review articles). Citations do not include references in filings to other dockets, record citations to filings in the same docket, local rules, and opposing party citations referenced by Butler Snow in the respective filings.

7

citation.

25. If there were no citations identified, then the filing would not proceed to 2L review.

26. If at least one citation was identified, then the 1L reviewers would specifically identify every citation in the filing so that the citation would be independently reviewed during the 2L review process.

27. To identify each citation, 1L reviewers created a "record" on RelOne for each citation. In this record, 1L reviewers copied and pasted the citation authority name and citation authority number directly from the filing.

28. If the filing included multiple references to the same legal authority, each instance (e.g., pincite) was also identified for 2L review and denoted in the record for the specific citation.

29. For each filing identified as having at least one citation, our 2L reviewers also reviewed the entire filing on RelOne to confirm that all records of citations identified during 1L review were accurately accounted for and, where necessary, adding a citation to the review process.

30. Next, the 2L reviewers reviewed each citation. Specifically, the reviewer copied the citation directly from the brief, pasted it into Westlaw, and searched for that specific citation. The reviewer then analyzed whether the corresponding Westlaw search result generated a result and, if so, whether that

result matched the citation from the filing—i.e., whether both the authority's name (e.g., case name) and cite (e.g., case citation) generated by Westlaw matched the authority's name and cite from the filing.

31. If the authority result did not match the citation from the filing or generated no result, then the 2L reviewer tagged that entire filing with the specific record citation for 3L Review (described below).

32. Next, 2L reviewers examined whether the authority generated by Westlaw generally supported the proposition for which that authority was cited in the respective filing.

33. 2L reviewers either confirmed the citation in full or noted any variations, such as likely human editing error.

34. For citations escalated for further review, 3L reviewers examined citations to review for issues comparable to the ones identified by the Court in the May 21 Hearing. *See* Dkt.# 200 at 8:16-20.

35. In total, we reviewed more than 2,400 separate legal citations across 330 filings in the Relevant Dockets.

## FINDINGS

36. Based on Morgan Lewis's review as described above, my findings are as follows:

    a. Other than the instances already identified by the Court in the May

9

21 hearing, (*see* Dkt.# 200, at 8:16-20), we did not identify any legal citations that were fabricated (whether through AI or otherwise)—i.e., when we sought to verify the legal authority cited (whether a case, procedural rule, statute, or regulation) we were able to confirm the existence of such authority.

b. Other than the instances already identified by the Court in the May 21 hearing, (*see* Dkt.# 200, at 8:16-20), we did not identify any legal citations that presented circumstances comparable to the ones identified by the Court—i.e., where the citation was to a legitimate source but did not bear on the proposition for which it was cited.

c. In the course of our review, on occasion, we found instances of likely human editing error such as citation format discrepancies, errant pin cites, and mistaken references (e.g., a reference to Title 18 rather than Title 42), none of which was an apparent product of an AI hallucination or fell within categories (a) and (b) above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May 2025, at Philadelphia, Pennsylvania.

_____
Scott A. Milner

# **EXHIBIT A**

**(Declaration of Scott A. Milner)**

|     | **Case Name and Docket Number** |
| --- | --- |
| 1.  | *Abrams v. Dunn et al.*, 2:20-cv-00011 (N.D. Ala.) |
| 2.  | *Barefield v. Dunn*, 2:20-cv-00917-WKW-CWB (M.D. Ala.)[1] |
| 3.  | *Beaty v. Dunn et al.*, 2:20-cv-00279-ECM-SMD (M. D. Ala.) |
| 4.  | *Boykins v. Dunn*, 4:19-cv-01934-ACA (N.D. Ala.) |
| 5.  | *Braggs et al v. Hamm et al.*, 2:14-cv-00601 (M.D. Ala.) |
| 6.  | *Brown v. Dunn et al.*, 2:21-cv-00440-MHT-KFP (M.D. Ala.) |
| 7.  | *Connell v. Dunn*, 2:21-cv-00629-GMB (N.D. Ala.) |
| 8.  | *D.S. v. Dunn et al.*, 2:20-cv-02012-RDP (N.D. Ala.) |
| 9.  | *Defoe v. C.C.S. Garbage Service Inc.*, 5:22-cv-00318-LCB (N. D. Ala.) |
| 10. | *Duke v. Dunn*, 4:14-cv-01952-RDP (N.D. Ala.) |
| 11. | *Edward Braggs, et al. v. Commissioner, Alabama Department of Corrections, et al.*, 22-10292 (11th Circuit) |
| 12. | *Edward Jones v. Andrew Hugine, Jr., et al.*, 22-13366 (11th Circuit) |
| 13. | *Ezell v. Dunn et al.*, 4:20-cv-02058 (N.D. Ala.) |
| 14. | *George v. Wexford Health Sources, Inc.*, 2:22-cv-00434-ECM-CWB (M.D. Ala.) |
| 15. | *Grissom v. Corizon, LLC et al.*, 2:19-cv-00420 (M.D. Ala.) |
| 16. | *Guy v. Dunn*, 4:21-cv-00264-ACA (N.D. Ala.) |
| 17. | *Head et al. v. Wexford Health Sources, Inc.*, 2:20-cv-00132 (M.D. Ala.) |

---

[1] Case names and docket numbers included in rows highlighted in gray are not "Relevant Filings," as defined by the accompanying declaration.

|     | **Case Name and Docket Number** |
| --- | --- |
| 18. | *Huffman v. Dunn et al.*, 4:20-cv-01293-CLM (N.D. Ala.) |
| 19. | *Johnson v. Dunn et al.*, 2:21-cv-01701 (N.D. Ala.) |
| 20. | *Jones v. Alabama A&M University*, 5:17-cv-01723-MHH (N. D. Ala.) |
| 21. | *Jones v. Hugine et al.*, 5:16-cv-00326-MHH (N. D. Ala.) |
| 22. | *Martinson v. Southern Health Partners, Inc. et al.*, 5:21-cv-01144 (N.D. Ala.) |
| 23. | *McCarley v. Dunn*, 4:21-cv-00570-CLM (M.D. Ala.) |
| 24. | *McKee v. Dunn*, 2:22-cv-00647-RAH-CWB (M.D. Ala.) |
| 25. | *Mohamed Seif v. Cassandra Tarver-Ross*, 22-13131 (11th Circuit) |
| 26. | *Moore v. Dunn*, 4:21-cv-00555-AMM (N.D. Ala.) |
| 27. | *Parish v. Dunn et al.*, 2:19-cv-00878-MHT-KFP (M.D. Ala.) |
| 28. | *Payne v. Alabama Department of Corrections et al.*, 2:20-cv-00839-AMM (N. D. Ala.) |
| 29. | *Pilcher v. Dunn et al.*, 4:21-cv-00204-ACA (N. D. Ala.) |
| 30. | *Ray v. Gadson et al.*, 2:20-cv-00499 (N.D. Ala.) |
| 31. | *Rutledge v. Sansing et al.*, 2:21-cv-00226 (N.D. Ala.) |
| 32. | *Seif v. Alabama Agricultural & Mechanical University et al.*, 5:15-cv-02374-MHH (N.D. Ala.) |
| 33. | *Smith v. Dunn et al.*, 2:21-cv-00468-MHT-KFP (M.D. Ala.) |
| 34. | *Stallworth v. Crosby*, 5:23-cv-01533 (N.D. Ala.) |

|     | **Case Name and Docket Number** |
| --- | --- |
| 35. | *State Of Alabama et al. v. Casey*, 1:24-cv-00128-TFM-N (S. D. Ala.) |
| 36. | *State Of Alabama et al. v. Casey*, 2:24-mc-00563-RDP (N. D. Ala.) |
| 37. | *State of Alabama et al. v. Durham*, 2:24-cv-00069-RAH-KFP (M. D. Ala.) |
| 38. | *State of Alabama et al. v. Durham*, 2:24-mc-00280 (N.D. Ala.) |
| 39. | *State of Alabama et al. v. Nelson*, 1:24-cv-00127-TFM-N (S. D. Ala.) |
| 40. | *State of Alabama et al. v. Nelson*, 2:24-mc-00562-RDP (N. D. Ala.) |
| 41. | *State of Alabama et al. v. Phelps (MAG+)*, 2:24-cv-00227-ECM-SMD (M. D. Ala.) |
| 42. | *State of Alabama et al. v. Phelps (MAG+)*, 2:24-mc-00561-RDP (N. D. Ala.) |
| 43. | *Turner v. Dunn*, 2:22-cv-00624-MHT-KFP (N.D. Ala.) |
| 44. | *United States of America v. State of Alabama et al.*, 2:20-cv-01971 (N.D. Ala.) |
| 45. | *United States of America v. State of Alabama, et al.*, 2:15-cv-00368 (M.D. Ala.) |
| 46. | *Williams v. Dunn*, 4:21-cv-00921-MHH-HNJ (N.D. Ala) |
| 47. | *Wilson v. Dunn*, 4:21-cv-00352-LCB (N.D Ala.) |
| 48. | *Wood v. Dunn et al.*, 2:19-cv-00511-MHT-SMD (M. D. Ala.) |