FILED
2025 Jun-02 PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FRANKIE JOHNSON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CASE NO. 2:21-CV-01701-AMM ) |
| **JEFFERSON DUNN, *et al.*,** | ) ) |
| **Defendants.** | ) ) ) |

## DECLARATION OF MATTHEW B. REEVES

I, Matthew B. Reeves, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly admitted to practice before the Alabama State Bar and this Court. I am one of the attorneys of record for Jefferson Dunn in the above-captioned matter.

2. Except in the motions already subject to the Court's Order to Show Cause (Doc. 174 and Doc. 182), I have never used any publicly accessible, generative artificial intelligence chatbot, such as OpenAI's ChatGPT, to generate legal or other authority citations for submission to any court.

3. In light of the problems associated with the use of generative artificial intelligence ("AI") and the Court's statements during the May 21, 2025, hearing concerning public awareness of these problems, I considered proactive steps to address the broader implications of such errors within the legal community.

1

Recognizing the growing reliance on AI tools in legal research and writing and the associated risks of "hallucinations" (instances where AI generates plausible but fictitious information), Anil Mujumdar, one of Plaintiff's counsel and an Assistant Professor of Law in Residence and Assistant Dean for Leadership and Professional Identity at the University of Alabama School of Law, and I had a discussion following the May 21st hearing. Professor Mujumdar and I discussed developing an informative program to educate law students regarding the risks of AI.

4. Specifically, Professor Mujumdar and I discussed a presentation to first-year law students during their legal research and writing course with the goals of:

   a. Educating students on the capabilities and limitations of AI tools in legal contexts;

   b. Highlighting real-world cases where attorneys faced sanctions for submitting filings with AI-generated, unverified citations, including this case;

   c. Emphasizing the ethical obligations of legal professionals to verify all sources and citations, regardless of their origin; and

   d. Discussing best practices for the responsible use of AI in legal research and writing, including verifying the accuracy and applicability of AI generated case citations and other content.

5. Professor Mujumdar graciously offered to coordinate the delivery of this presentation with his colleagues (i.e., identify available dates and times and appropriate classes for the presentation) and to participate in the presentation. I am grateful for Professor Mujumdar's desire to help educate future attorneys about this new and evolving topic concerning the use of AI in the legal profession. I intend to pursue this program and a similar program at Samford University's Cumberland School of Law and Faulkner University's Thomas Goode Jones School of Law regardless of whether the Court orders it as relief in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of June, 2025.

_____
Matthew B. Reeves

3